(No. 31922.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OBA BRYANT, Plaintiff in Error.

*Opinion filed May 24, 1951—Rehearing denied September 17, 1951.*

PREE & PREE, of Springfield, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, and GEORGE P. COUTRAKON, State's Attorney, both of Springfield, (LAWRENCE SWINYER, JOHN B. STODDART, JR., ROBERT B. OXTOBY, and HARRY L. PATE, of counsel,) for the People.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, Oba Bryant, was indicted by the grand jury of Sangamon County for conspiring with one Ivan

Brust to steal soybean meal from their employer, Cargill, Incorporated. Plaintiff in error alone was brought to trial. He was found guilty by a jury and his penalty fixed at a fine of $1000. On writ of error the Appellate Court affirmed the judgment of the trial court. Plaintiff in error has sued out a writ of error from this court to secure a further review of the record of his conviction.

Ivan Brust, the codefendant, was also indicted for grand larceny of soybean meal from the same company. He entered a plea of guilty to that charge and was released on probation. Later, on November 22, 1948, the conspiracy indictment in the instant case, as to Brust, was stricken from the docket with leave to reinstate. Thereafter, plaintiff in error was brought to trial on the conspiracy charge contained in the same indictment. The principal witness against him was Brust. As a part of its judgment the trial court found that the calling of Ivan Brust as a witness, under the circumstances, amounted to granting him immunity from prosecution.

Plaintiff in error contends that his judgment of conviction should be reversed because his codefendant has not been found guilty of conspiracy. He invokes the rule that where there are but two parties to a conspiracy an acquittal of one of them requires the discharge of the other. In order to apply the rule to the facts of his case, plaintiff in error asserts that the order striking the indictment with leave to reinstate the cause, coupled with the granting of immunity in return for Brust testifying as a witness for the State, amounted to an acquittal as to Brust, and that, therefore, he, likewise, must be acquitted.

It has long been the law in this State that to constitute the crime of conspiracy there must be more than one person guilty thereof, and before a defendant can be convicted of conspiracy the evidence in the cause on trial must show that there were two or more persons guilty of such conspiracy. (*People* v. *Mader,* 313 Ill. 277; *Evans* v. *People,*

90 Ill. 384.) It is also the rule that where there are but two parties to a conspiracy, an acquittal of one of them requires the discharge of the other. (*People* v. *Cohn*, 358 Ill. 326; *People* v. *LaBow*, 282 Ill. 227.) Plaintiff in error is attempting to apply the same rule to a case where the indictment has been stricken with leave to reinstate as to one of the coconspirators before the other conspirator has been brought to trial on the same indictment. He relies principally upon the case of *State* v. *Jackson*, 7 S. C. 283, in which the Supreme Court of South Carolina held that where two persons only are charged with conspiracy, and are present in court, a *nolle prosequi* as to one before verdict rendered leaves the indictment inoperative and without effect as to the other, because, in that event, no conspiracy is alleged against either defendant, for to constitute conspiracy there must be the conjoined action of at least two persons. That question, however, is not in this case.

The entrance of an unconditional *nolle prosequi* terminates the proceedings so that the cause cannot be reinstated at a subsequent term of court. (*People* v. *Watson*, 394 Ill. 177.) However, the entrance of an order striking the indictment with leave to reinstate, as was done in the case now under consideration, does not terminate the proceedings. Where a cause has been stricken with leave to reinstate, the indictment remains undisposed of and the cause might be again placed on the docket and the defendant brought to trial upon the same indictment. (*People* v. *Kidd*, 357 Ill. 133.) The indictment continued in full force and effect after the entry of the order striking it with leave to reinstate, and the right of the People to proceed against plaintiff in error and his codefendant, or against either of them separately, remained unchanged.

The trial court found that the production of Brust as a State's witness, which resulted in testimony implicating him as one of the conspirators, after the cause had been

stricken with leave to reinstate as to him, amounted to the granting of immunity to Brust. Plaintiff in error contends that, since only he and Brust were charged with conspiracy, the ending of the charge of conspiracy against Brust, without a conviction, requires, as a matter of law, that he, too, be acquitted. We have already determined that the entry of an order striking the cause with leave to reinstate does not terminate the proceedings, or amount to an acquittal of the defendant. The question remains as to whether plaintiff in error is entitled to be discharged because the only other person charged as a coconspirator has been granted immunity from prosecution after appearing as a State's witness against him. An accomplice who has engaged to testify for the State is not thereby absolved of his guilt or even assured his pardon. He gives his evidence *in vinculis,*—in custody,—and it depends on his behavior whether or not he be admitted to mercy. In England it was recognized that a full and true disclosure by an accomplice testifying raised an equitable claim to the mercy of the crown, and the case against him was continued to enable him to apply for a pardon.

In this State the practice has been either for the State's Attorney to enter a *nolle prosequi* and call the defendant thus discharged as a witness against his confederates or to require him to plead guilty and examine him as a witness, after which, if his testimony shows a full and truthful disclosure of the facts, his plea may be set aside and a *nolle prosequi* or some other form of discharge entered. (*People* v. *Bogolowski,* 317 Ill. 460.) The accepted practice was followed in this case. The propriety of granting immunity in such cases arises out of the fact that by candidly and fully disclosing the circumstances attending the transaction such defendant has not only revealed the guilt of his accomplice but has also acknowledged his own guilt of the crime charged. The effect of granting immunity to such defendant is not to exculpate or acquit him

of guilt but to remit the punishment which would otherwise follow his disclosures at the trial. In *People* v. *Cohn,* 358 Ill. 326, we held that a State's witness who had been granted immunity, upon testifying against her coconspirator, was not on trial and had not thereby been acquitted of the charge. Plaintiff in error's codefendant, Brust, was not on trial, and was in nowise acquitted of the crime of conspiracy charged in the indictment. On the contrary, the facts disclosed by his testimony were sufficient to establish not only the guilt of plaintiff in error, but his own guilt as well. The evidence in the cause then on trial showed that there were two or more persons guilty of the conspiracy charged in the indictment.

It is further contended that the verdict is not sustained by the evidence because it rests on the uncorroborated testimony of an accomplice against a man whose evidence of good reputation was not refuted at the trial. While the testimony of an accomplice is competent evidence, to be received with suspicion and acted upon with caution, it is the rule that a conviction may be based on such testimony, uncorroborated, if it is of such character as to convince the jury beyond a reasonable doubt of the guilt of the accused. (*People* v. *Flaherty,* 396 Ill. 304; *People* v. *Rudnicki,* 394 Ill. 351.) The verdict in this case, however, does not rest on the uncorroborated testimony of an accomplice. Four deputy sheriffs testified to facts and circumstances surrounding the activities of plaintiff in error and his codefendant, Brust, which fairly tended to corroborate Brust's testimony that the two were acting together by agreement and in concert for the unlawful purpose of taking soybean meal from their employer and hiding it along an infrequently traveled country road to be picked up and disposed of by plaintiff in error.

The final contention is that the trial court erred in giving an instruction on the subject of circumstantial evidence because the guilt of plaintiff in error was not depend-

ent upon circumstances proved at the trial but solely upon the facts testified to by the prosecuting witness. The prosecution was based on both direct and circumstantial evidence. The meetings between plaintiff in error and Brust on a lonely dirt road, the transfer of sacks between their two vehicles, the time and place of their arrest, as testified by the officers, were all circumstances to be taken into account by the jury, together with other facts and circumstances in evidence, in determining the guilt or innocence of plaintiff in error. No error was committed in the giving of this instruction.

The verdict of the jury has been approved by the trial judge, the judgment affirmed by the Appellate Court, and we find no prejudicial error in the record. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*