THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LeRoy T. STICKLER, Defendant-Appellant.

(No. 12730;

Fourth District—September 17, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Stephen Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, LeRoy T. Stickler, together with two codefendants not involved in this appeal, was charged with theft. Count I charged theft over $150 of two saddles; Count II charged theft under $150 of a set of wedding rings. The State introduced no evidence of the value of the saddles. The trial judge directed a verdict on Count I as the charge of theft over $150. Both counts were submitted to the jury since the included offenses of theft under $150 remained. Despite the fact that defendant, prior to trial in this case, had entered a plea of guilty in the circuit court of Christian County to theft of the wedding rings (the identical charge contained in Count II of the indictment here) both counts of the indictment were submitted to the jury. The jury was given two forms of verdict. The form to be used by the jury in the event of a finding of guilty was a general form of verdict and did not specify upon which count or counts of the indictment the jury predicated its finding. The jury returned a verdict of guilty. The trial court entered a judgment that defendant was guilty as charged in Count II of the indictment. The State concedes that a finding of guilty on Count II of the indictment would violate the bar against double jeopardy. For the reasons above stated no one knows whether this occurred.

The State urges that defendant's conviction be affirmed but that the cause be remanded in order that judgment be entered upon Count I, theft of the saddles. We reverse without remand. A conviction bottomed on Count I could not stand because the evidence failed to establish that offense.

The questions raised necessitate an extensive review of the evidence.

The State's evidence was as follows: a citizen, Austin Hemingway, testified that, on Sunday afternoon December 16, 1973, he noticed a man coming out of a neighbor's house. The man was heading for a car nearby with two other men in it. This occurred in Christian County, Illinois. The citizen chased the car, at high speeds, for 20 to 25 miles. Mrs. Hemingway was dropped off at the beginning of the chase to call the police. Hemingway eventually lost sight of the vehicle but he had noticed several distinctive features.

Shortly after Hemingway lost sight of the car, a Sangamon County deputy sheriff, specifically looking for such a vehicle, stopped a car which held the codefendants. The deputy noticed many of the distinguishing marks mentioned by Hemingway. LeRoy Stickler was a passenger. The driver and owner was Edwin Garlin. The other passenger was William Garlin, Edwin's brother.

Edwin consented to the officer's request that Garlin open the trunk.

Inside the trunk were two saddles. The officer testified Edwin stated they were his. After this, the officer noticed a ring box laying in plain view on the rear floor of the car. Inside were the wedding rings in question. Assorted tools and bars were also found in the car.

Two witnesses testified that the saddles belonged to them, but they gave no opinion as to value. One of them testified the saddles must have been stolen between December 11 to December 14, 1973.

Another prosecution witness testified that she was the owner of the wedding ring set. She stated the rings were stolen the afternoon of December 16, 1973.

At the end of the prosecution's case a verdict was directed on the charge of theft over $150.

Prior to commencement of trial, defense counsel informed the court that defendant Stickler had pleaded guilty to theft and burglary in Christian County in regard to the wedding ring set.

Defendant testified that he had stolen the wedding rings on the afternoon of the arrest. He said that he had acted alone and that neither of the Garlin brothers were involved in the incident. He denied any knowledge of the saddles. He also testified that he had pleaded guilty to burglary and theft of the rings in Christian County.

Codefendant Paul Garlin admitted stealing the saddles. He said neither his brother or Stickler was involved with or aware of the theft.

Edwin Garlin testified that he had told the officer that the saddles were his but that this was a lie. He testified he did not know where the saddles came from but when he saw them in the trunk he realized they were hot so he made up a story for the officer.

Instructions were given to the jury on the propositions necessary for the State to prove theft of the saddles and theft of the wedding rings. All the instructions referred to "the defendants." Nothing in the record indicates the jury was told it could not find Stickler guilty of theft of the wedding rings. The jury returned a general verdict of guilty of theft under $150.

■■ The People agree with defendant that a conviction of theft of the wedding rings cannot be sustained because of the bar of double jeopardy. They argue that the evidence supports a guilty verdict under the other count of the indictment and therefore the verdict should be sustained.

The defendant argues that the evidence is insufficient to prove theft of the saddles, and therefore the verdict should be reversed.

Defendant was charged in the indictment with violation of section 16—1(d)(1) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1)).

"A person commits theft when he knowingly:

(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as. would reasonably induce him to believe that the property was stolen, and

(1) Intends to deprive the owner permanently of the use or benefit of the property * * *."

■■ The State's case admittedly rests upon the proposition that exclusive and recent possession of stolen property is sufficient to raise a presumption of guilt unless the possession is explained in such a manner as to raise a reasonable doubt of guilt. *People v. White,* 99 Ill.App.2d 270, 240 N.E.2d 342.

■■ This presumption, if established, has been held sufficient to permit conviction of larceny. However, the section under which defendant was charged is formerly that of receiving stolen property and that offense contains, in addition to knowing control of the property, the requirement that the State prove beyond a reasonable doubt that defendant knew these saddles to be stolen. The State must prove not only that defendant possessed the saddles but that he possessed them knowing them to be stolen.

"Knowledge may be established by proof of circumstances that would cause a reasonable man to believe that the property had been stolen. [Citations.] But possession alone, even if exclusive, is insufficient to establish that a defendant knew that the property was stolen when he received it. [Citations.]" *People v. Baxa,* 50 Ill.2d 111, 114-15, 277 N.E.2d 876, 878.

In *Baxa,* the defendant was arrested for the same offense as the defendant here. Baxa was arrested while a passenger in a car that had stolen goods in the rear seat. The court held that the presumption attaching to recent, exclusive, unexplained possession of stolen property was insufficient to permit conviction for the offense as charged, since the State had introduced no evidence that established the further element that defendant knew the goods to be stolen.

In the case at bar, the State introduced no evidence which would tend to show that defendant knew the saddles, which were in the trunk of the car in which defendant was a passenger, were stolen.

Because of this determination we do not find it necessary to decide whether the other elements of the offense charged were proven beyond a reasonable doubt.

The judgment of the circuit court of Sangamon County is reversed.

Judgment reversed.

GREEN and TRAPP, JJ., concur.