THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES JONES, Defendant-Appellant.

Fifth District    No. 75-349

Opinion filed April 20, 1976.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant was convicted of the crime of murder in the circuit court of St. Clair County following a bench trial. On appeal he alleges that his constitutional right to a speedy trial was violated.

The facts upon which he bases his allegation are as follows. The defendant was arrested on April 8, 1973, for a murder allegedly committed earlier that same evening. He was indicted on May 3, 1973, bond was set on May 9, 1973, and he was arraigned the following day. Defendant posted bond and was released pending trial on May 10, 1973. The indictment was dismissed on the State's motion on July 16, 1974, 14 months after the arraignment. The only matters appearing of record in that 14-month period were the State's discovery motion of May 11, 1973, and a motion by the defendant for a bill of particulars and a transcript of the grand jury minutes filed on October 22, 1973.

On November 22, 1974, a little over four months after the dismissal of the first indictment, the defendant was reindicted. Bond was set on December 20, 1974. On February 6, 1975, the defendant asked for and received a 4-day continuance. The defendant filed a motion to dismiss on March 3, 1975, for failure to give him a speedy trial, and because he had been "indicted once before for the same charge which indictment was dismissed because of insufficient evidence." No ruling on this motion appears of record. A motion to suppress a confession was filed and heard on the day of trial, March 11, 1975.

The court found the defendant guilty of murder and he was sentenced to not less than 18 nor more than 35 years in the penitentiary.

The factors to be considered in determining if an accused has been denied his right to a speedy trial were enunciated in *People v. Henry*, 47 Ill. 2d 312, 265 N.E.2d 876: the length of the delay, the reasons for the delay, the prejudice to the defendant, and whether the defendant may be considered to have waived the right.

■■ Defendant's contention that the delay must be considered as 23 months is correct in light of the holding in *People v. Lee*, 44 Ill. 2d 161, 254 N.E.2d 469. There the court held that reindictment following dismissal of a prior indictment for the same offense is a restatement of the State's original charge.

The court in *Henry* indicated that delay in proceeding to trial may be so long that prejudice will be presumed. This principle is also stated in

*People v. Gray*, 7 Ill. App. 3d 526, 288 N.E.2d 26. However, in both *Henry* and *Gray* the delay in question exceeded the length of the delay in the instant case but was held not to establish prejudice as a matter of law.

■■ The defendant contends, however, that actual prejudice resulted from the delay. At trial he testified that he was unable to produce an alibi witness because he had discarded the witness' name and address after the dismissal of the first indictment. This claim, when viewed in light of the surrounding circumstances, falls within the rule of *Henry* that prejudice which is speculative and conjectural cannot establish a violation of the constitutional right. In *Henry* the defendants claimed that because of the passage of time they were unable to locate a woman known only as "Louise" who could have testified as to their whereabouts on the night of the crime. The instant defendant testified that his alibi witness was a man he knew only as "Roy" but that he later obtained the last name and address of this man while he was released on bond. He kept the name and address of this man himself and did not turn it over to his attorney and, further, threw it away when the first indictment was dismissed. On being pressed for particulars on cross-examination the defendant could state only that he thought the address was in St. Louis and that the man's last name was "Anis." Such actions are surely not those of an accused who considered this witness crucial to his defense.

Defendant's failure to develop the matter of his missing witness in the trial court leaves his claim of prejudice resting largely on a foundation of speculation and conjecture. No motion was ever filed asking for additional time to locate this witness. Further, although a pretrial motion to dismiss alleging denial of the right to a speedy trial was filed, no ruling was ever obtained on the motion. A hearing was held on the first day of trial on defendant's motion to suppress at which his counsel informed the court that there were no other defense motions. No post-trial motions appear of record and defendant's counsel informed the court at the last hearing in the cause that no motions had been filed. Defendant should have sought a hearing on his motion to dismiss or at least have raised his constitutional claim in a post-trial motion and hearing where his claims of prejudice could have been fully explored.

■■ In considering the third factor, reason for the delay, the courts appear to be primarily concerned with whether the record shows deliberate or oppressive delay on the part of the State designed to hinder or embarrass those accused in their efforts to prepare a defense. (*People v. Henry; People v. Love*, 39 Ill. 2d 436, 235 N.E.2d 819; *Ricon v. Garrison* (4th Cir. 1975), 517 F. 2d 628.) Here, although the delay was unexplained there was also no showing that the delay was a deliberate attempt on the part of the State to obtain an advantage over the defendant in the trial of the case. The courts have refused to find a violation of the speedy trial

right even where the delay involved was, as here, lengthy and unexplained. (*Ricon v. Garrison; United States v. Gibson* (6th Cir. 1975), 513 F. 2d 978; *People v. Gray.*) The courts have also considered that any contribution by the defendant to the delay is a crucial element to be assessed. Acquiescence to the State's request for a continuance has been considered to be contributing to delay. (*People v. Hudson*, 46 Ill. 2d 177, 263 N.E.2d 473.) There is no question that the 4-day continuance requested by the defendant is delay which is attributable to him. *People v. Partee*, 17 Ill. App. 3d 166, 308 N.E.2d 18.

■■ The final factor set out in *Henry* which is to be considered in determining if there has been a violation of the right to a speedy trial is whether the defendant can be considered to have waived the right. In the instant case there is no clear indication of waiver. The defendant did not, however, demand trial, and such failure to make demand was considered relevant to the question of waiver in *Gray.*

We find the dispositive consideration to be that enunciated in *People v. Tetter*, 42 Ill. 2d 569, 250 N.E.2d 433, and quoted in *Henry*. " 'Those factors cannot be considered in isolation, but must be viewed in their totality * * * .' " (47 Ill. 2d 312, 316.) Even though a waiver was not clearly established when all the surrounding circumstances are taken into consideration, we cannot say that a violation of the defendant's constitutional right to a speedy trial has been shown.

The cause is, therefore, affirmed.

Affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.