THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIS Y. TOELLEN, Defendant-Appellant.

Third District   No. 77-238

Opinion filed December 21, 1978.

Marshall Schwarzbach, of Robbins, Coe, Rubinstein & Shafran, Ltd., of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Donald B. Mackay, Melbourne A. Noel, Jr., and Bernard Hoffman, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of conviction entered by the circuit court of Mercer County pursuant to a finding of guilty rendered after a jury trial.

Willis Y. Toellen had been employed as a bookkeeper by the Thede Company, a partnership, since 1949. His responsibilities included the preparation of daily journal entries which showed the amount paid by customers to the Thede Company, the supervising of deposits and withdrawals from the partnership depositary bank account, and the preparation of partnership tax returns.

The Thede Company had its books audited for the first time in August 1976. The records dated from 1971 to 1976 were inspected. The accountants discovered that certain customer payments did not appear on the deposit records. They also found that certain customer checks made payable to the Thede Company had been endorsed by Toellen and deposited in his personal account. As a result, Toellen was indicted on 22 counts of theft and 22 counts of forgery.

Trial was held on February 28, 1977. The State introduced 22 customer checks, dated from September 13, 1974, to June 23, 1976, having a face value of $151,000, which had been deposited into Toellen's personal account.

Toellen defended himself by attempting to show that he had not exercised unauthorized control over the Thede partners' property because he had deposited the checks in his personal account with the cooperation of the partners in an attempt to avoid Federal income taxes. Toellen introduced into evidence checks totalling $119,000 which he had paid into the partnership account.

Toellen was found guilty on 44 counts on March 8, 1977. His motion for new trial was denied on March 22, 1977. He was then sentenced to a prison term of three to ten years on each count, the sentences to run concurrently.

Defendant raised three issues on appeal: (1) whether he was unduly prejudiced and deprived of a fair trial by evidence of other crimes and the State's Attorney's reference to other crimes during closing argument, (2) whether the State failed to prove venue and failed to prove that the crimes occurred in Mercer County, a material element of the offense, and (3) whether the verdict was against the manifest weight of the evidence.

Each of the issues raised by defendant has been raised before this court many times. The first issue raised requires serious and careful consideration of the case law because the right of fair trial is fundamental to our system of justice. Defendant argues that he was prejudiced by pretrial newspaper accounts of statements made by the State's Attorney and by remarks made by the State's Attorney during closing argument. On February 28, 1977, the date set for jury selection, the local newspaper reported that the State's Attorney had said Toellen had stolen $1.3 million from the Thede partners. Four jurors admitted reading the article; two of them were excused. The remaining two were carefully questioned by the court about their reading of the article and they stated that they had formed no opinion regarding Toellen's guilt or innocence. Counsel for Toellen was given full opportunity to question prospective jurors to determine whether they had formed an opinion. Neither had formed an opinion and were subsequently accepted as jurors.

■■■ We find no error and no prejudice to Toellen. Whether a juror had prior knowledge of a case from the communications media is not per se prejudicial to a defendant. Prejudice results from the forming of an opinion based upon allegations heard outside the courtroom rather than based upon facts heard during the trial. Here there is no showing that the jurors found Toellen guilty for any reason other than what they heard from the facts properly placed in evidence.

Defendant also complains of attempts by the State's Attorney to introduce testimony regarding a larger amount of money. William Thede, a general partner, was asked how much money was taken from the partnership. An objection to that question was sustained. Testimony by the certified public accountant that 701 checks valued at $1,267,000 were missing was stricken. William Kiddoo, another general partner, testified on redirect about a conversation he had with Toellen regarding the reasons why Toellen paid $119,000 to the Thede Company. Some of the checks which represented part of the $119,000 payment were dated five months prior to the date of the first forgery charged in the indictment. This testimony was apparently in response to questioning on cross-examination regarding an alleged tax fraud which Toellen attempted to use as his defense. There was also testimony from another Thede Company employee regarding an allegedly forged check she saw Toellen take which was not the subject of the indictment. The check was not

admitted into evidence. Further, in closing argument the State's Attorney asked the jury to consider how much more was taken.

It is conceded by Toellen that the State may introduce evidence tending to show other crimes if relevant to some issue in the case. (*People v. Galloway* (1963), 28 Ill. 2d 355, 192 N.E.2d 370; *People v. Sutton* (1976), 43 Ill. App. 3d 1008, 357 N.E.2d 1209; *People v. Corder* (1977), 54 Ill. App. 3d 138, 369 N.E.2d 349.) Defendant further concedes that evidence of other crimes may be introduced to show a defendant's proximity to the place and time of the offense charged, his identity, any design, motive or knowledge (*People v. Parker* (1976), 35 Ill. App. 3d 870, 343 N.E.2d 52), any fact in issue, intent, absence of mistake, or modus operandi (*People v. Corder*). After stating the exceptions, defendant attempts to rely on the general rule that evidence of other crimes is inadmissible.

We find defendant's argument without merit. It must be clearly understood that the attempts by the State's Attorney to introduce evidence of other crimes was objected to by defendant and those objections were sustained by the court. Where necessary, the court had those references stricken from the record and instructed the jury to disregard what they heard. Therefore, we do not find error.

■■ We must comment, however, that we find no prejudice to defendant by the attempts to introduce evidence of other crimes. The evidence proferred all concerned other alleged forgeries and thefts by defendant from the Thede Company. We believe that if the evidence proferred had been admitted there would be no prejudice to Toellen because the evidence would merely show his modus operandi.

Defendant also argues that the State did not prove venue. Every defendant has the right to be tried in the county in which the crime occurred; venue is the proof of that county. (*People v. Vaden* (1974), 25 Ill. App. 3d 187, 323 N.E.2d 18.) Venue is a material element of the crime and must be proved beyond a reasonable doubt. (*People v. Piehl* (1972), 6 Ill. App. 3d 296, 285 N.E.2d 612.) Defendant argues that the elements of forgery are the possession of an instrument made or altered in such a way that it is apparently capable of defrauding another, the intention to issue or deliver such an instrument, the knowledge that the instrument was so made or altered. He then argues that each such element must be proven to have taken place in a particular county before venue can be proved. Defendant also argues that there was no unauthorized control over the checks until there was an endorsement and therefore there is no theft until that time. Unless the State can prove that the endorsement took place in a particular county, it has not proved venue and therefore it has not proved theft. With this argument we do not agree.

Forgery and theft are not crimes which are committed openly and notoriously. They are by nature secretive. Therefore, it is necessary that

certain elements of those crimes be proved as logical deductions from the facts in evidence. *People v. Clark* (1956), 9 Ill. 2d 400, 137 N.E.2d 820.

■■ The evidence introduced at trial showed that the Thede Company was located in Aledo, Illinois. Toellen lived and worked in Aledo. The logical deduction is that the crime occurred in Mercer County where Aledo was located. Venue may be proved by circumstantial evidence where the only rational conclusion to be drawn is that the offense took place in the county alleged (*People v. Clark*). The result urged by Toellen is without merit.

■■ Lastly, defendant argues that the verdict is contrary to the manifest weight of the evidence. With this contention we cannot agree. We believe that the record is clear that Toellen took the Thede Company checks, endorsed them, and deposited them in his personal account. His attempts to show a tax fraud scheme by the Thede partners was without support in the evidence. He offered only character witnesses on his own behalf; he offered no testimony explaining what he had done.

We will not reverse a jury finding unless we find that it is contrary to the weight of the evidence, the result of prejudicial error, or based on evidence so improbable that it creates a reasonable doubt. (*People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489; *People v. Peto* (1967), 38 Ill. 2d 45, 230 N.E.2d 236.) We find none of that here.

For the reasons stated above we hereby affirm the judgment of the circuit court of Mercer County.

Affirmed.

BARRY, P. J., and ALLOY, J., concur.