THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DAVID K. BAUER, Defendant-Appellee.

Fifth District   No. 78-267

Opinion filed April 3, 1979.

Charles V. Romani, Jr., State's Attorney, of Greenville (Raymond F. Buckley, Jr., and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

LeChien, Aguirre & Creason, Ltd., of Belleville (Richard A. Aguirre, of counsel), for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

On April 11, 1977, defendant David Bauer was charged by complaint with unlawful possession of cannabis. Three days later defendant's counsel filed an entry of appearance and demand for immediate trial. After several delays attributable to defendant, defendant was arraigned on July 6, 1977, and pleaded not guilty. An information was filed by the State's Attorney on that day. A second demand for immediate trial was filed on July 18, 1977.

Defendant also filed a motion to suppress evidence on July 15, 1977, and that motion was set for hearing on August 17, 1977. The State's Attorney appeared on the latter date and made a motion to dismiss the information with leave to reinstate, due to the mysterious disappearance of a material witness. The State's motion was granted and defendant was released from bail.

The missing witness was subsequently located, and on January 31, 1978, he testified before the grand jury. A bill of indictment was returned the same day and defendant was arraigned on February 21, 1978. On February 27 the defendant filed a motion for discharge under the speedy trial act (Ill. Rev. Stat. 1977, ch. 38, par. 103—5).

On April 6, 1978, a hearing was held on the motion for discharge and on April 10, 1978, the motion for discharge was allowed. The State appeals.

The defendant contends that he was entitled to a trial within 160 days of the demand for speedy trial made on July 18, 1977. The State contends

that the statute was tolled when the original information was dismissed, and that the 170 days between August 17, 1977, when the court dismissed the case, and February 3, 1978, when defendant was admitted to bond on the indictment, cannot be counted as part of the statutory time period. The parties agree that if the 170 days are not counted, the defendant is not entitled to discharge under the statute.

The State first asserts that the speedy trial act is an unconstitutional violation of the separation of powers between the legislative and judicial branches. This issue was not raised in the trial court.

Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)) provides:

> "(a) Insubstantial and Substantial Errors on Appeal. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

■■■ This rule clearly makes appellate review of issues not raised in the trial court discretionary. As we do not find that any matter or right so fundamental that it must be considered regardless of when it was first raised is presented here, we hold that the issue is waived.

■ We believe that the case of *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208, is controlling here. In that case our supreme court held that the dismissal of a criminal matter with leave to reinstate, instigated by the prosecutor, did not toll the statute.

The State cites *People v. McAdrian* (1972), 52 Ill. 2d 250, 287 N.E.2d 688, for the proposition that the statute will be deemed to have been tolled by such a dismissal unless the circumstances suggest that the State sought to circumvent the statutory requirements. *McAdrian* does not so hold, but does suggest in dictum that this may be the proper test.

However, even under the dictum of *McAdrian* the statute was not tolled in this case. On August 17, 1977, rather than petitioning the court for the 60-day continuance to locate a material witness provided for in section 103—5(c) (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(c)), the State simply dismissed its action. No substantial record was made as to the State's efforts to locate the witness. We cannot say that the State's actions were not designed to evade the terms of the statute.

For the foregoing reasons the judgment of the Bond County circuit court is affirmed.

Affirmed.

JONES and KARNS, JJ., concur.