THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RODNEY McCLURE, Defendant-Appellee.

Fifth District   No. 78-127

Opinion filed August 31, 1979.

Raymond W. McCamy, State's Attorney, of Robinson (Raymond F. Buckley, Jr., and Keith P. Vanden Dooren, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant Rodney McClure was charged by information in Crawford County with three counts of forgery. Defendant filed a petition for discharge based on a violation of his statutory right to a speedy trial. The trial court granted the petition and ordered that the counts be dismissed. It is from this order that the State appeals.

On June 1, 1977, defendant filed a motion demanding a speedy trial as well as a trial by jury. One hundred forty-eight days later, October 27, 1977, he received a preliminary hearing. A discovery motion requesting a bill of particulars, among other things, and a motion requesting a substitution of judges were filed by defendant on November 2, 1977. The record sheet entry for November 11, 1977, states: "Motion for substitution of judges granted on motion of counsel for defendant." On January 4, 1978, some 217 days after the filing of the motion for speedy trial, defendant filed a petition for discharge on the ground that he had not been brought to trial within the 160-day period required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b)). Following a hearing on the petition held on January 11, 1978, the trial court granted the petition, holding that defendant's discovery motion did not toll the statute since the State did not request a continuance in order to comply with the discovery request, and that although the motion for substitution of judges tolled the statute for a reasonable time, the burden remained on the State to proceed to a speedy trial and that the delay from November 2, 1977, to January 4, 1978, was unreasonable.

■■ The State challenges for the first time on appeal the constitutionality of section 103—5 and asserts that it unduly infringes upon the inherent powers of the judiciary in contravention of the doctrine of separation of powers and cannot be given effect. However, since the issue was not raised below, it is not properly before this court and is waived. *People v. Bauer* (1979), 70 Ill. App. 3d 537, 388 N.E.2d 1013; *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.

In the alternative, the State contends that defendant's statutory right to a speedy trial was not violated for the reason that the responsibility for any delay in proceeding to trial rested solely upon defendant, either through his unavailability during the four-month period subsequent to the arraignment or through his filing of motions on November 2, 1977, the 154th day of the 160-day period. We disagree.

Section 103—5(b) provides in part as follows:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant

demands trial unless delay is occasioned by the defendant * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b).) With respect to offenses committed on or after March 1, 1977, as in the instant case, section 103—5(f) provides that delay occasioned by a defendant only temporarily suspends, for the time of the delay, the period in which defendant is to be tried. As 217 days elapsed since the motion for a speedy trial in this case, the question thus becomes whether defendant caused any delays sufficient to toll the running of the statute for more than 57 days so as to prevent the expiration of the 160-day period.

■ The State initially claims that defendant tolled the statutory time limits for approximately four months, because he did not inform the State of his address while free on bond, thereby delaying the preliminary hearing. We find no merit to this claim for the reason that the State's lack of knowledge as to the whereabouts of defendant was immaterial with respect to its ability to proceed against him. A preliminary hearing could have been held at a much sooner date by providing notice to defendant's last known address, which is what actually transpired. Additionally, defendant could have been indicted by a grand jury which met subsequent to his arrest but prior to his belated preliminary hearing.

Next the State asserts that the delay was precipitated by defendant's filing of a discovery motion and a motion for a substitution of judges on the 154th day of the period.

With respect to the discovery motion, in *People v. Nunnery* (1973), 54 Ill. 2d 372, 377, 297 N.E.2d 129, 131, our supreme court was presented with the State's contention that the defendant had tolled the running of the statute by filing a discovery motion five days prior to the expiration of the term. In rejecting this contention, the court stated:

"[I]f * * * the People were ready for trial within the [statutory] period, the information which the court ordered the People to produce could have been given defendant promptly and the court advised immediately as to the People's position with respect to the paragraphs of the motion on which the ruling was reserved."

In *People v. Mollet* (1975), 28 Ill. App. 3d 415, 417, 328 N.E.2d 697, 698, this court, citing *People v. Scott* (1973), 13 Ill. App. 3d 620, 630, 301 N.E.2d 118, 125, held:

" 'All discovery motions are not intrinsically dilatory, therefore not every such motion automatically extends the period in which the defendant must be tried. * * * A discovery motion which the State can answer quickly would cause little or no delay; the State should not be permitted to use such a motion as an excuse to toll the statute implementing the constitutional right to a speedy trial. * * * The interpretation of the motion and the availability of the

required information, the reasonable time needed to answer and whether proposed objections are genuine or dilatory, should rest in the judgment of the trial court and its decision as to accountability for the ensuing delay * * * should be sustained unless it is clearly shown that the court's discretion was abused.' "

■ In applying the holdings of *Nunnery* and *Mollet* to the instant case, we hold that the trial court correctly ruled that defendant's discovery motion did not constitute delay. The motion was timely, despite having been filed on the 154th day of the period because defendant was not entitled to discovery until after the preliminary hearing, which was conducted on the 148th day. (Supreme Court Rule 411 (Ill. Rev. Stat. 1977, ch. 110A, par. 411).) The State neither objected to the motion, nor complied with it; moreover, the State failed to make any indication that it would require additional time to object or comply. With the trial court cognizant of these facts, we find its determination that the discovery motion contained no delay not to be an abuse of discretion.

The State also attributes a significant portion on the delay to defendant's motion for a substitution of judges. The State maintains that such a motion encompasses a time consuming administrative procedure of reassigning the case to another judge and placing it on the new judge's docket. Since defendant contributed to this delay, the State concludes that the statutory limitation period was tolled and that the court erred in granting the petition for discharge.

■ While it has been held that such a motion constitutes a *per se* tolling of the statutory period (*People v. Zuniga* (1973), 53 Ill. 2d 550, 293 N.E.2d 595; *People v. Grant* (1977), 68 Ill. 2d 1, 368 N.E.2d 909), these decisions must be re-evaluated in light of the enactment of section 103—5(f) which provides that with respect to any offense committed on or after March 1, 1977, any delay occasioned by a defendant constitutes a temporary suspension of the 160-day period, rather than the initiation of a complete new period. Therefore, it is necessary to determine the length of the delay attributable to the defendant by his filing of the motion. This determination should be made by the trial judge, who would be possessed of knowledge of the conditions and circumstances of the circuit court and would be better able to evaluate the time necessary to complete the requisite administrative procedures involved in substituting judges. This determination by the trial judge should be sustained unless it is clearly shown that the court below abused its discretion. *People v. Mollet.*

■ The record reflects that nearly two months elapsed between the time the motion was granted and the petition for discharge was filed, during which time the State took no action in bringing defendant to trial. The trial court held that while defendant temporarily suspended the period by his motion, he could not be held accountable for the entire two-month

delay, and that the brunt of the delay rested with the State. Since there were six days remaining in the period at the time of the filing of the motion and the greater part of the two-month delay was attributed to the State, the trial court concluded that defendant's right to a speedy trial was violated. On the basis of the record before us and mindful of the trial court's familiarity with the administrative conditions of the circuit court, we cannot say the decision of the trial court constituted an abuse of discretion.

For the reasons stated above we affirm the trial court's granting of defendant's petition for discharge.

Affirmed.

G. MORAN and KUNCE, JJ., concur.