THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
TARRY S. LEANNAH, Defendant-Appellee.

Second District    No. 80-76

Opinion filed March 23, 1981.—Rehearing denied April 27, 1981.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson and Phyllis J. Perko, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Ronald A. DaRosa and William E. Ferguson, both of Mountcastle and DaRosa, of Wheaton, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Tarry S. Leannah, was arrested on June 8, 1977, and charged with aggravated battery and resisting a peace officer. He was released on bail; on July 13 he filed a written demand for a speedy trial.

Under the relevant provisions of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b)), he was entitled to trial within 160 days from the date he made his speedy trial demand.

On December 15, 1977, the 154th day from the date of demand for trial, at a final court appearance held prior to the trial then set for December 19, 1977, the defendant moved to dismiss the charges against him on the ground that the State had failed to comply with discovery orders. On December 16 the court heard the motion, passed upon it, and dismissed the charges. The State appealed, and this court reversed and remanded the cause. (*People v. Leannah* (1979), 72 Ill. App. 3d 504.) The mandate was issued by this court on August 29, 1979, and filed with the trial court on September 4, 1979. On October 3, the State gave notice that it would appear on October 11 to move to set the cause for trial, and, on October 5, the defendant gave notice through his attorney that he would appear on October 11 and move for dismissal for expiration of the 160-day speedy trial term. The defendant was not in custody nor held to bail subsequent to the dismissal of the charges against him on December 16, 1977. The trial court held that the period from December 15, 1977, the date upon which the defendant moved to dismiss the charges, and September 4, 1979, the date the mandate of the appellate court was filed in the trial court, was delay occasioned by the defendant and that, therefore, the provisions of section 103—5(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(f)) were controlling. Applying the provisions of section 103—5(f), the trial court determined that only six days remained of the 160-day trial term and that, even if the State was granted an additional 21 days permitted under said subparagraph f, the speedy-trial term of 160 days would have expired on October 1, 1979, and again dismissed the charges against the defendant. The State again appeals.

■■ The trial court erred in dismissing the charges against the defendant pursuant to the 160-day speedy trial provisions of section 103—5(b) and (f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b) and (f)) for two reasons. First, subparagraph f of said section 103—5 is not applicable because there was no delay caused by the defendant. The trial court disposed of the defendant's motion for dismissal, made on December 15, 1977, on the following day, December 16, 1977. The trial was not scheduled to begin until December 19, 1977. Thus, the defendant's motion of December 15, 1977, having been disposed of in one day and prior to the trial date, caused no actual delay. (*People v. Cichanski* (1980), 81 Ill. App. 3d 619, 621; *People v. Bevis* (1980), 89 Ill. App. 3d 344, 345-46.) The fact that the trial court ruled in favor of the defendant and discharged him cannot be construed as delay occasioned by the defendant.

■■ ■ Second, and more decisive, the defendant is not entitled to be discharged under any of the speedy trial provisions of section 103—5 of the Criminal Code of 1963 because such provisions are applicable only to persons in custody (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a)) and persons

on bail or recognizance (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b)). (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 466.) When the trial court dismissed the charges against the defendant on December 16, 1977, he was released and his bond was discharged. There is no showing in the record that the defendant was in custody or on bail or recognizance thereafter. At no time since the mandate of this court was filed with the circuit court on September 4, 1979, was the defendant taken into custody, nor did he surrender his person to the custody of the sheriff of Du Page County, nor has he been placed on bond or recognizance on the charges in this matter. Since the defendant was neither in custody nor on bond or recognizance, he was not entitled to the benefits of the speedy trial provisions of section 103—5, and the trial court erred in discharging him.

We note for the record that the defendant is not in any way contending that his constitutional rights to a speedy trial have been violated, nor do we suggest that the State does not have a constitutionally imposed obligation to bring the defendant to trial within a reasonably prompt time following the filing of our mandate with the trial court. See *People v. Love* (1968), 39 Ill. 2d 436, 440-45; *People v. Woods* (1979), 78 Ill. App. 3d 431, 439.

Since this is the second time this matter has been before us on appeal, we deem it proper to comment on future proceedings before the trial court.

■■ On this appeal the State maintained that the original 160-day term was tolled in December 1977, when the trial court granted the defendant's original motion to dismiss and that a new 160-day term began to run on September 4, 1979, the date our mandate reversing and remanding that order was filed in the trial court. The State is partially right. By virtue of the provisions of Supreme Court Rule 604(a)(4) the speedy trial term was suspended during the pendency of the State's appeal. However, the reinstatement of the charges against the defendant by the filing of our mandate in the trial court is not the commencement of a new action, and a new 160-day term does not commence to run.

The defendant is entitled to credit for the 154 days while he was held to bail that did elapse from the date of his original demand for trial and his original motion for discharge on December 15, 1977. The balance of the 160-day speedy trial term will commence to run as soon as the defendant is once again placed on bond or recognizance to answer the charges in this matter. When that occurs, only six days term time will remain.

We recognize that after such a long delay, the State may have some difficulty in assembling its witnesses or obtaining other material evidence for trial in such a brief period. If the State exercises due diligence and is still unable to be ready for trial within the term, it may apply for

additional time of not more than 60 days under the provisions of subparagraph c of section 103—5. Ill. Rev. Stat. 1977, ch. 38, par. 103—5(c).

The judgment of the circuit court of Du Page County is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.