THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
FREDERICK RODGERS, Defendant-Appellee.

Second District    No. 81-109

Opinion filed June 10, 1982.

REINHARD, J., dissenting.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy K. Johnson, of Miller, Feda and Barbosa, of Elgin, for appellee.

JUSTICE HOPF delivered the opinion of the court:

The State appeals the dismissal on speedy-trial grounds of an indictment charging defendant with theft of a motor vehicle in violation of section 4—103(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 4—103(a)(1)), and theft by possession of stolen property (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(d)(1)).

On February 23, 1978, defendant was arrested in Cook County and charged by indictment with possession of a stolen vehicle in violation of section 4—103(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103(a)). Defendant was released on bond. On July 18, 1978, on the State's motion the charges were stricken with leave to reinstate. At that time defendant demanded immediate trial. The State never moved for reinstatement of the charges, and on July 31, 1979, defendant's arrest record was expunged on his motion.

On June 24, 1980, defendant was indicted in Kane County for theft by possession of stolen property (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(d)(1)) and possession of a stolen motor vehicle in violation of section 4—103(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 4—103(a)(1)). The indictment concerned the same vehicle involved in the Cook County charges and the parties stipulated that the Cook County matter related to the charges brought in Kane County. On November 12, 1980, defendant filed an amended motion to dismiss the charges in the indictment alleging that as over 160 days had passed since he demanded trial in the Cook County circuit court his statutory right to a speedy trial had been violated (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b)). On January 21, 1981, the court dismissed the indictment concluding that

defendant's right to a speedy trial had been violated. The State appeals under Supreme Court Rule 604(a) (73 Ill. 2d R. 604(a)).

The question which we must first address is whether the charge brought in Cook County is the same as those brought in Kane County. If the Cook County indictment does not charge the same offense as those charged in Kane County, then speedy trial considerations do not apply.

■■ It has been held that reindictment following dismissal of a prior indictment for the same offense is a restatement of the State's original charge and an inquiry into an allegation of a speedy trial violation must consider the time which has elapsed since the first charge. (*People v. Jones* (1976), 37 Ill. App. 3d 515, 346 N.E.2d 430.) Apparently the same rule applies even when the second indictment is brought in a different county where, as here, the first county had jurisdiction to try the offense. Compare *People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398, where the court held that speedy trial analysis cannot consider the time elapsed between the bringing of a charge in Cook County and the same charge in Lake County because Cook County did not have jurisdiction to try the offense.

The Kane County count charging possession of a stolen vehicle charges defendant with the identical offense for which he was charged in Cook County, except that in the Kane County indictment defendant was charged with possession in Kane County and in the Cook County indictment defendant was charged with possession of that vehicle in Cook County.

■■ ■ The fact that a crime was committed in a particular county is a material averment which must be proved beyond a reasonable doubt. (Ill. Rev. Stat. 1979, ch. 38, par. 1—6(a); *People v. Toellen* (1978), 66 Ill. App. 3d 967, 384 N.E.2d 480.) It might appear that commission of an offense of possession of a stolen vehicle in Cook County and of possession of that same stolen vehicle in Kane County are two distinct offenses for which two prosecutions are permissible. We believe, however, that the principles applicable to prosecuting for theft where the stolen property passes through more than one county have applicability to prosecutions for possession of a stolen vehicle where the vehicle is possessed by a defendant in more than one county. Theft may be prosecuted in any county in which the defendant exerted control over the property (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(d)), but a defendant may not be prosecuted for the same theft in more than one county. (*People v. Stickler* (1975), 31 Ill. App. 3d 977, 334 N.E.2d 475.) We believe these principles apply equally to the offense of possession of a stolen vehicle and conclude that although a defendant has possessed a stolen vehicle in a number of counties only one offense of possession may be charged. We do not think the possession count in the Kane County indictment should be distinguished from the Cook County charge for possession of the same vehicle.

We conclude that the Kane County charge is a restatement of the original Cook County charge and that an inquiry into defendant's allegation of a speedy trial violation must consider the time which has elapsed since the first charge. See *People v. Jones; People v. Rogers.*

■■ We also conclude that the Kane County charge against defendant of theft by possession of stolen property (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(d)(1)) must be considered in our speedy trial analysis. When a new and additional charge arises from the same facts as did the original charge and the State knew of these facts at the time of the initial indictment, the time within which trial is to begin on the additional charges is subject to the same statutory limitation that is applied to the original charges. (*People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840; *People v. Parker* (1978), 59 Ill. App. 3d 302, 375 N.E.2d 465.) The parties stipulated that the Cook County and Kane County indictments involved the same matter. The trial court found that the indictments arose from the same facts. Speedy trial considerations thus are applicable to both the charge of theft and the charge of possession of a stolen vehicle.

Next we must consider whether the Kane County indictment brought more than two years after the Cook County indictment and over 160 days after defendant demanded a speedy trial violated defendant's right to a speedy trial

■■ The State argues that defendant was not on bail during the time between his demand for trial and his indictment in Kane County and that therefore his July 18, 1978, demand for trial in the Cook County circuit court had no effect. The State had not raised this argument in the circuit court. A party waives consideration on appeal of a theory it had not raised below. *People v. McAdrian* (1972), 52 Ill. 2d 250, 287 N.E.2d 688.

Even were we not to consider State's argument as waived we would conclude that defendant's statutory right to a speedy trial required dismissal.

A defendant is guaranteed a speedy trial by State statute (Ill. Rev. Stat. 1979, ch. 38, par. 103—5) and both the Illinois and Federal constitutions (Ill. Const. 1970, art. I, sec. 8; U.S. Const., amend. VI). Defendant contended before the Kane County circuit court that under the speedy trial statute he was entitled to dismissal of the charges against him because he had demanded a trial over 160 days earlier in Cook County. The trial court order dismissing the charges did not specify whether it did so on statutory or constitutional grounds, although in announcing its decision the court indicated that it made its decision on constitutional grounds.

We believe that dismissal of the charges was required by statute.

Section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 103—5) provides in pertinent part:

"(b) Every person on bail or recognizance shall be tried by the

court having jurisdiction within 160 days from the date defendant demands trial * * *.
  * * *

(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

■■■ The striking of a charge with leave to reinstate does not discharge defendant from the indictment or terminate the proceedings against him and prosecution of the charge may be reinstated on the State's motion. (*People v. Bryant* (1951), 409 Ill. 467, 100 N.E.2d 598.) The speedy trial statute is not tolled by the striking of a charge with leave to reinstate and the charge must be dismissed on motion by defendant if more than the amount of time allowed by statute passes and none of the delay is attributable to defendant. *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951; *People v. Garcia* (1978), 65 Ill. App. 3d 472, 382 N.E.2d 371.

■■ A copy of defendant's arrest record for the Cook County charge indicates that he was released on bond prior to his July court appearance when the State moved for leave to have the charge stricken and he made his demand for trial. Defendant therefore made his demand for trial while on bail in accordance with the statute (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b)). The record does not disclose that he was released from the obligation of his bail before 160 days passed. It would be exceptional for one charged with an offense to be released from all constraints on his freedom while the charges are still pending. Apparently the Cook County charge was pending against defendant until he moved to have his arrest record expunged on July 31, 1979, over a year after he demanded trial. There is no reason to believe that defendant was released from the obligations of bail before the passage of 160 days from his trial demand. We will not accept the State's argument that defendant was not on bail. We conclude that having demanded trial on the Cook County charge defendant was entitled to dismissal of the Kane County indictment.

We conclude that the trial court correctly dismissed the charges on speedy trial grounds. Accordingly we affirm the judgment of the Kane County circuit court.

Affirmed.

UNVERZAGT, J., concurs.

JUSTICE REINHARD, dissenting:

I respectfully differ from my colleagues' analysis of both the issues involved in this appeal and am compelled to dissent. On a motion for discharge under section 103—5 of the Code of Criminal Procedure of

1963 (Ill. Rev. Stat. 1979, ch. 38, par. 103—5) the defendant has the burden of affirmatively establishing facts which show a violation of his rights under the section. (*People v. Beyah* (1977), 67 Ill. 2d 423, 427, 367 N.E.2d 1334; *People v. Cunningham* (1979), 77 Ill. App. 3d 949, 951, 396 N.E.2d 876; *People v. Behning* (1970), 130 Ill. App. 2d 536, 539, 263 N.E.2d 607, *appeal denied* (1971), 45 Ill. 2d 591.) If a defendant in a motion for his discharge under the statute relies upon facts *dehors* the record, such facts must be preserved in the record; otherwise the court will not recognize such facts as existing. (*People v. Tamborski* (1953), 415 Ill. 466, 473, 114 N.E.2d 649.) As the defendant has the burden to affirmatively show that he comes within the terms of the statute, the State cannot be deemed to have waived this requirement even though it failed to precisely articulate this before the trial court. Thus, finding nothing in the record to show that the defendant was on bond or recognizance while the charge remained on SOL status in Cook County, the crucial question then becomes whether section 103—5 is applicable in SOL cases where the defendant is not on bond or recognizance.

Section 103—5 expressly applies to persons either "in custody" or "on bail or recognizance." (Ill. Rev. Stat. 1979, ch. 38, par. 103—5; *People v. Leannah* (1981), 94 Ill. App. 3d 628, 629-30, 418 N.E.2d 1054.) The majority opinion cites *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951; and *People v. Garcia* (1978), 65 Ill. App. 3d 472, 382 N.E.2d 371, *appeal denied* (1979), 72 Ill. 2d 582, as precedent for its position that the speedy trial statute is not tolled by the striking of a charge with leave to reinstate. In my opinion, a closer examination of these authorities does not warrant such a conclusion. In *Baskin* the defendant was "on bond at all times subsequent to the filing of the complaint." (38 Ill. 2d 141, 145, 230 N.E.2d 208.) *Sanders* involved a *nolle prosequi*, not an SOL, and furthermore held that the speedy trial provisions did not apply once a charge was *nolle prossed*. Similarly, *Garcia* held that the time provisions of section 103—5 cease to run if defendant is discharged after a finding of no probable cause. A case which does support the majority viewpoint is *People v. Bauer* (1979), 70 Ill. App. 3d 537, 388 N.E.2d 1013. However, the authority relied upon by the *Bauer* court was *People v. Baskin*, which I have already referred to above as inapposite to the facts here since the defendant in *Baskin* was on bond.

There is nothing in the record which sets forth the current SOL procedure used in Cook County. SOL is not a statutorily authorized procedure but apparently is used in Cook County and some other jurisdictions as a procedural device to avoid having to *nolle pros* and then refile a new information or indictment; instead, the original charge may be reinstated upon the State's motion. (See *People v. Kidd* (1934), 357 Ill. 133, 191 N.E. 244; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 467, 407

N.E.2d 951.) While such a procedure appears to be mainly an administrative method which avoids the necessity of filing an additional charge and the opening of a new case, a SOL also is significantly different from a *nolle prosequi* since a charge still continues to lie against the defendant, albeit in a dormant state. Yet even if a charge still is technically pending in the SOL procedure, the relevant provisions of section 103—5 plainly apply only to persons "in custody" or "on bond or recognizance." Had the legislature intended section 103—5 to apply to cases where charges alone pend against a defendant, it could have expressly so provided. The evil intended to be prevented by the speedy trial provision is wrongful incarceration and restriction under bail or recognizance rather than wrongful accusation.

For the foregoing reasons, I would reverse the judgment below and reinstate the two dismissed counts. As my dissent from the majority opinion on this basis alone would require reversal, it is unnecessary for me to further lengthen this dissent by separately analyzing whether the charge brought in Cook County is the same as that brought in Kane County. It suffices to point out that from this record I cannot subscribe to the majority's conclusion that the defendant has met his burden to show that he was charged in Kane County for the same offense *on the same date* for which he was charged in Cook County, nor do I concur in their analysis of the legal principles applicable in prosecution of theft by obtaining control over stolen property where such occurs in more than one county.