THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
TERRY A. EBLIN, Defendant-Appellee.

Second District   No. 82—131

Opinion filed May 17, 1983.

Grant S. Wegner, State's Attorney, of Yorkville (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Louis E. Neuendorf, of Sandwich, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The question before us is whether a defendant who appears to answer a criminal complaint pursuant to a notice to appear but is not required upon appearance to post bail or recognizance, can claim a right to be released when more than 160 days transpire after his demand for a speedy trial.

The State appeals from a judgment which discharged the defendant. It contends that the trial court erred in equating the notice to

appear with bail and bond requirements. (Ill. Rev. Stat. 1981, ch. 38, par. 103—5.) The defendant has not filed a brief and we review pursuant to the direction of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

On July 1, 1981, the State filed a criminal complaint against defendant in which it alleged that defendant committed criminal damage to property (Ill. Rev. Stat. 1981, ch. 38, par. 21—1(a)), a misdemeanor. A notice to appear, issued pursuant to section 107—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 107—12), directed him to appear at court on July 14, 1981; it warned defendant that his failure to appear would cause the issuance of a warrant for his arrest or a summons. Defendant appeared on July 14 and the court continued the cause until July 28 to permit defendant to hire an attorney. On July 17, defendant filed a motion demanding, *inter alia*, a speedy trial. No order was entered placing defendant in custody; he was not required to post bond or recognizance. On December 3, 1981, the court set trial for January 13, 1982. On January 12, 1982, defendant filed a motion to dismiss the action because more than 160 days had elapsed since he demanded a speedy trial. The trial court granted the motion after a hearing.

■ The constitutional speedy-trial provisions, generally, are addressed to the evil of wrongful incarceration, not wrongful accusation. (*People v. Kidd* (1934), 357 Ill. 133, 136.) "[T]his constitutional provision is based on the right of an individual to be at liberty." (357 Ill. 133, 136.) The statutory speedy-trial provisions are a legislative interpretation and implementation of the constitutional right to a speedy trial. (*People v. Garcia* (1978), 65 Ill. App. 3d 472, 475; *People v. Rhoads* (1982), 110 Ill. App. 3d 1107, 1113.) Section 103—5(a) of the Code of Criminal Procedure of 1963 requires that a defendant in custody be tried "within 120 days from the date he was taken into custody ***" (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)); or "[e]very person on bail or recognizance shall be tried *** within 160 days from the date defendant demands trial ***" (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(b)), unless delay is occasioned by the defendant.

The State argues that the clear language of the statute limits its application to one held in custody or on bond or recognizance, relying upon *People v. Leannah* (1981), 94 Ill. App. 3d 628. In *Leannah*, although more than 160 days had passed after the filing of the defendant's demand, we held that the defendant was not entitled to be discharged under the speedy-trial provisions "because such provisions are applicable only to persons in custody [citation] and persons on bail or recognizance [citation]." (94 Ill. App. 3d 628, 629-30.) We concluded

that defendant was not in custody nor held to bail subsequent to the dismissal of charges against him on the 154th day from the date of demand for trial at which time the trial court dismissed the charges for failure of the State to comply with discovery orders and thereafter, on appeal, we reversed and remanded the cause. It appeared that the defendant was not in custody nor held to bail subsequent to the dismissal of the charges against him. We also noted that defendant's speedy-trial term would continue once the defendant was "placed on bond or recognizance to answer the charges in this matter." 94 Ill. App. 3d 628, 630.

In *People v. Rodgers* (1982), 106 Ill. App. 3d 741, we affirmed the trial court's dismissal of charges against the defendant pursuant to the speedy-trial provision where the State had previously stricken the charges with leave to reinstate, finding that the State had waived the argument that defendant had not been on bail subsequent to when the State struck the charges. (106 Ill. App. 3d 741, 744.) The majority stated that even if the State had not waived this issue, since the defendant made a speedy-trial demand while on bail, the court could infer that he remained on bail after the charges were stricken. (106 Ill. App. 3d 741, 745.) Thus we emphasized that the defendant must be on bond for the speedy-trial provisions to apply. The dissenting opinion in *Rodgers* stated that the defendant had the burden of showing he remained on bail after the charges were stricken, and stated explicitly that the speedy-trial provisions apply only where a defendant is on bond or recognizance or in custody. (106 Ill. App. 3d 741, 746-47 (Reinhard, J., dissenting).) The dissent concluded that: "Had the legislature intended section 103—5 to apply to cases where charges alone pend against a defendant, it could have expressly so provided. The evil intended to be prevented by the speedy trial provision is wrongful incarceration and restriction under bail or recognizance rather than wrongful accusation." 106 Ill. App. 3d 741, 747.

■ *Leannah* may be distinguished by the fact that the charges were not pending against him after the first dismissal, whereas charges were continuously pending against this defendant. Nevertheless this defendant was at no time either in custody or on bond or recognizance and therefore did not come within the clear language of the statute.

■■ ■ We cannot conclude that a notice to appear is the equivalent of bail or recognizance. The purpose of the notice is to get persons into court without the necessity and inconvenience of an immediate arrest. (*People v. Brausam* (1967), 83 Ill. App. 2d 354, 362-63; *City of Naperville v. Lawrentz* (1977), 51 Ill. App. 3d 798, 799.) We

see nothing to indicate that once a defendant appears in court that the notice to appear serves any further purpose. If the court had, upon his appearance, incarcerated him or restricted him under bail or recognizance he certainly would have come within the statute. And if he were on bail or recognizance, for example, he would have been restricted by his undertaking to comply with certain conditions, and he would be under a continuous duty to appear in court. (See Ill. Rev. Stat. 1981, ch. 38, par. 110—10.) Further, whereas a failure to appear as required by recognizance constitutes a separate offense subject to penalty in addition to the offense charge (Ill. Rev. Stat. 1981, ch. 38, pars. 110—2, 32—10) and forfeiture of a sum, if any, fixed in the recognizance, a failure to appear pursuant to notice to appear results in the issuance of a summons or warrant of arrest. (Ill. Rev. Stat. 1981, ch. 38, par. 107—12(c).) These differences in the nature of a defendant's obligation sufficiently distinguish a notice to appear from a recognizance bond so as to preclude a defendant from availing himself of the speedy-trial provision.

We therefore reverse the judgment of the circuit court of Kendall County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

UNVERZAGT and HOPF, JJ., concur.