THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TODD STINNETT, Defendant-Appellee.

Fourth District   No. 4—87—0634

Opinion filed March 9, 1988.

Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Andrew Schnack III, of Quincy, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Todd Stinnett was charged by information filed in the circuit court of Adams County on January 2, 1987, with possession with intent to deliver cannabis. He was released on bond and filed a motion for a speedy trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963 on January 8, 1987. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5.) Due to the unavailability of a key witness against defendant, the State filed a "Motion for *Nolle Prosequi* with Leave to Reinstate" requesting the trial court nol-pros the case with "leave to reinstate." The motion was granted over defendant's objection on April 14, 1987, and defendant was released from bond. On July 7, 1987, defendant was indicted for the same and related offenses. On August 7, 1987, he filed a motion to dismiss the charges against him for the failure of the State to bring him to trial within the 160 days required by his speedy trial demand. The trial court dismissed the charges.

The State admitted to the trial court that if the time between its motion for *nolle prosequi* with leave to reinstate and the indictment of the defendant is not tolled for purposes of the speedy trial demand, it is beyond the 160 days required by section 103—5(b) to bring to trial persons on bail or recognizance. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b).) Therefore, the sole issue before us is what effect the State's motion has on the running of the 160-day time period under section 103—5(b).

■ Normally a motion by the State to nol-pros a case will toll the statutory speedy trial period as the *nolle pros* procedure terminates the pending charges against the defendant and requires the institution by the State of a new proceeding in order to prosecute for the dismissed offense. (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 469, 407 N.E.2d 951, 959.) A "Motion for *Nolle Prosequi* with Leave to

Reinstate" is, then, a contradiction in terms. Once a *nolle prosequi* motion has been granted there is no charge pending which can be reinstated against a defendant.

■ Further, as in the instant case, when there is no charge pending against the defendant, he is released from bond. The speedy trial provisions of section 103—5 do not apply if a defendant is neither in custody nor on bond or recognizance. (*People v. Eblin* (1983), 114 Ill. App. 3d 891, 893, 449 N.E.2d 575, 576; *People v. Leannah* (1981), 94 Ill. App. 3d 628, 629-30, 418 N.E.2d 1054, 1056.) Thus, one of the cases relied upon by the trial court in dismissing the charges against defendant (*People v. Rodgers* (1982), 106 Ill. App. 3d 741, 435 N.E.2d 963) is distinguishable, as the majority considered defendant in *Rodgers* to have remained on bond during the relevant period of time.

■ In addition to the fact defendant was not on bond from April 14, 1987, until July 8, 1987, it is clear the State intended to proceed and did proceed as if a simple *nolle prosequi* motion had been filed. The State's reason for filing its motion was the unavailability of a key witness. Once the witness was available it proceeded to institute a new prosecution against the defendant by way of indictment on July 7, 1987. The State made no attempt to reinstate the information filed on January 2 nor were its reasons for dismissing in any way an attempt to evade the provisions of the speedy trial rule or to deny the defendant his constitutional right to a speedy trial which the statutory provisions are meant to interpret and implement.

The judgment of the circuit court dismissing the indictment against defendant is reversed and the cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

GREEN, P.J., and McCULLOUGH, J., concur.