THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVE MARTIN, Defendant-Appellant.

Third District   No. 3—88—0287

Opinion filed May 26, 1989.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Vicki L. Seidl, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

A jury found the defendant, Steve Martin, guilty of murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(a)(1)). The trial court then sentenced him to 35 years in prison. The defendant appeals. We affirm.

Initially, the defendant contends that his murder conviction must be reversed because the State violated his statutory right to a speedy trial. The defendant was arrested on September 5, 1986, and charged with unlawful possession of a weapon by a felon (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1). He was released on September 6, 1986, after posting bond, but failed to appear in court on September 10, 1986. On September 12, the police questioned Bernice Jasurda, who implicated the defendant in the September 8, 1986, murder of James Cox. The defendant was later arrested in Nebraska and returned to Will County on October 7, 1986. The State charged him with murdering Cox.

On October 28, 1986, the defendant filed a written demand for a

speedy trial on the murder charge. Indictments were returned November 5, 1986, on both the murder and weapon charges. On January 20, 1987, the date set for trial on the murder charge, the State moved for a continuance because it could not locate Jasurda. The cause was continued until March 23, 1987. On January 27, 1987, the defendant pled guilty to the unlawful possession of a weapon charge and sentencing was set for March 23, 1987.

On March 23, the trial court granted the State's motion to nol-pros the pending murder charge. The State was still unable to locate Jasurda and believed it could not carry its burden of proof without her testimony. At that time, final judgment was entered on the weapon charge and the defendant was sentenced to two years in prison.

In October of 1987, Jasurda was located and arrested in Georgia. The State filed a criminal complaint for murder against the defendant on October 26, 1987, and he was arrested on the murder charge on October 28. At the time, he was still incarcerated for the weapon conviction.

On November 23, 1987, the State filed an information charging the defendant with murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(a)(1)) and felony murder (Ill. Rev. Stat. 1987, ch. 38, pars. 9—1(a)(3), 18—2(a)). The defendant's trial commenced on March 2, 1988. At the close of the State's case, the trial court granted the defendant's motion for a directed verdict of acquittal on the felony murder charge. The jury subsequently found the defendant guilty of the remaining murder charge.

██ █ When a person is in custody with more than one charge pending against him in the same county, he must be tried or adjudicated guilty upon one of the charges within 120 days and tried on the remaining charges within 160 days from the date on which judgment on the first charge was entered. (Ill. Rev. Stat. 1987, ch. 38, par. 103—5.) Normally, a motion by the State to nol-pros a case will toll the statutory speedy trial period, as the *nolle prosequi* procedure terminates the pending charge against the defendant and requires the institution by the State of a new proceeding in order to prosecute the dismissed offense. (*People v. Dace* (1988), 171 Ill. App. 3d 271; *People v. Stinnett* (1988), 166 Ill. App. 3d 1027, 520 N.E.2d 1204.) Since the speedy trial period runs only when a charge is pending against the defendant, the time period between the granting of a motion to nol-pros and the reinstitution of charges does not count toward the statutory term. *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951.

■ In the instant case, the State moved to nol-pros the murder charge on the day final judgment was entered on the defendant's weapon charge. The defendant was charged by a new criminal complaint on October 26, 1987, and his trial commenced on March 2, 1988. Since no charge was pending against the defendant from March 23, 1987, to October 26, 1987, this period did not count toward the statutory term. The 160-day term did not begin running until October 26, 1987. The defendant's trial commenced within 160 days of that date, so his statutory right to a speedy trial was not violated.

We find no merit to the defendant's claim that the State used the *nolle prosequi* procedure to evade the requirements of the speedy trial statute. The State's reason for filing its motion was the unavailability of Bernice Jasurda, its key witness. There is no evidence that the State was attempting to evade the requirements of the statute. See *People v. Stinnett* (1988), 166 Ill. App. 3d 1027, 520 N.E.2d 1204.

The defendant cites *People v. Newell* (1980), 83 Ill. App. 3d 133, 403 N.E.2d 775, in support of his contention that his statutory right to a speedy trial was violated. We find *Newell* distinguishable on its facts and not applicable to the present case. In *Newell*, a criminal complaint filed against the defendant was dismissed on the State's motion. Later the State moved to reinstate the complaint. The trial court crossed out the original dismissal order on the docket sheet and reset the case for trial. The defendant then filed a motion to dismiss the complaint on the ground of double jeopardy. The trial court granted the defendant's motion. The State took no appeal from this dismissal order, but rather indicted the defendant based on the same act alleged in the complaint. This court affirmed the trial court's dismissal of the indictment. The basis for this court's decision was the State's failure to appeal the denial of its motion to reinstate the original complaint. The subsequent indictment was in effect barred by the doctrine of *res judicata*. (See *People v. Creek* (1983), 94 Ill. 2d 526, 447 N.E.2d 330.) The facts of the instant case present no issue of double jeopardy or *res judicata*; therefore, *Newell* is not applicable.

■ The defendant next contends that he was not proven guilty beyond a reasonable doubt, because his conviction was based on the uncorroborated testimony of his accomplice, Bernice Jasurda.

A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.) The relevant question when presented with a challenge to the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) The credibility of the witnesses and the weight to be given to their testimony are exclusively within the province of the jury. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) The uncorroborated testimony of an accomplice is sufficient to sustain a conviction if such testimony convinces the jury of the defendant's guilt beyond a reasonable doubt. *People v. Newell* (1984), 103 Ill. 2d 465, 469 N.E.2d 1375.

Jasurda testified at trial that in the early morning hours of September 8, 1986, she was driving a car with the defendant seated in the front passenger seat and the victim, James Cox, seated in the back. While she was driving, the defendant and Cox got into an argument concerning license plates. The defendant called Cox a snitch and a troublemaker.

During the ensuing argument, the defendant shot Cox twice. Upon hearing the shots, Jasurda nearly went off the road. The defendant slapped Jasurda's leg and told her to keep driving. Jasurda heard Cox moaning and asking to be lifted. The defendant hit Cox a couple of times and told him to be quiet.

Eventually, they entered Pilture Park in Joliet. The defendant directed Jasurda to a side road in the park. At one point, he told her to stop the car and he got out. He then opened the back door and removed Cox from the car. Cox was still alive at the time. She then heard a third shot and the defendant got back into the car saying, "Let's go." They later showered at the defendant's residence, burned articles of clothing at another park, and spent the remainder of the night at a motel in Morris.

The State also produced a note with the defendant's fingerprints on it. The note was intercepted while both the defendant and Jasurda were being held before the trial. It asked Jasurda to keep quiet.

The defendant brought out numerous weaknesses and inconsistencies in Jasurda's testimony and the other evidence presented. The jury was fully cognizant of the infirmities in Jasurda's testimony. The trial court instructed the jurors to view her testimony with suspicion and to carefully examine it in light of the other evidence presented. The jury chose to believe Jasurda. After reviewing the record and viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.

■ Lastly, the defendant contends that remarks by the prosecutor during closing arguments denied him a fair trial. During argu-

ments, the defendant objected to statements by the prosecutor that stab wounds in Cox's throat were a message to stoolies and snitches. Since the defendant failed to raise this issue in his motion for a new trial, he has waived the issue on appeal. *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.

For the reasons stated, the judgment of the circuit court of Will County is affirmed.

Affirmed.

WOMBACHER, P.J., and STOUDER, J., concur.