THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JAMES J. STEVENS, Defendant-Appellee.

Second District   No. 2—88—0849

Opinion filed July 7, 1989.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and
Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office,

of counsel), for the People.

Steven A. Greenberg, Ltd., of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(a) (107 Ill. 2d R. 604(a)), the State appeals from the dismissal of its information against defendant, James Stevens. The trial court dismissed the charge against defendant because it found that the State violated defendant's right to a speedy trial under section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)). On appeal, the State contends that the trial court erred in dismissing its information because the entry of a *nolle prosequi* prior to defendant's demand for a speedy trial rendered the 160-day period of section 103—5(b) inapplicable. We reverse and remand.

On October 16, 1986, defendant was charged by complaint in case No. 86—CM—5432 with the offense of theft in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)). On September 15, 1987, defendant's case was called for trial. After defendant answered that he was ready to proceed, the State moved for a continuance because it was unable to procure a material witness. Noting that the case had been called numerous times, the trial court denied the State's motion. The State next moved for leave to amend the complaint asserting that defendant should have been charged under section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(d)(1)). The trial court denied the State's motion to amend. After the State moved to nol-pros the charge, defendant made his demand for a speedy trial. The trial court then granted the State's motion for a *nolle prosequi*.

On September 22, 1987, defendant was charged by information in case No. 87—CM—4950 with the same offense of theft as had been nol-prossed on September 15, 1987. The record reflects that on April 4, 1988, defendant was placed on a $1,000 bail bond on this charge. On May 3, 1988, defendant filed a motion to dismiss which alleged that his rights under the speedy-trial provisions of section 103—5(b) (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)) had been violated. On June 3, 1988, the trial court conducted a hearing on defendant's motion. At the hearing, defendant argued that the charges filed in cases Nos. 86—CM—5432 and 87—CM—4950 were based on the same occurrence. Defendant noted that although his demand for a speedy trial was made after the State nol-prossed case No. 86—CM—5432, the granting of the *nolle prosequi* did not toll the provisions of section 103—5(b). Defendant

maintained that because more than 160 days had passed since his September 15 demand for speedy trial, his rights had been violated and the September 22 information should be dismissed. The State contended that the *nolle prosequi* tolled the speedy-trial provisions of section 103—5(b).

On June 30, 1988, the trial court ruled on defendant's motion. Relying on *People v. Rodgers* (1982), 106 Ill. App. 3d 741, the trial court found that the State's *nolle prosequi* of case No. 86—CM—5432 did not toll the 160-day period of section 103—5(b). At a hearing on its motion to reconsider the June 30 ruling, the State argued that our decision in *People v. Eblin* (1983), 114 Ill. App. 3d 891, distinguished *Rodgers*. According to the State, *Eblin* impliedly held that a *nolle prosequi*, as opposed to the striking of a charge with leave to reinstate, tolled the 160-day period of section 103—5(b). The State therefore concluded that because the charge in case No. 86—CM—5432 was nol-prossed and defendant was released from his bail obligation, the speedy-trial provisions of section 103—5(b) were inapplicable with respect to the September 22 information. The trial court denied the State's motion to reconsider, and the State filed a timely notice of appeal.

The State's sole contention on appeal is that since the charge against defendant in case No. 86—CM—5432 was nol-prossed and defendant was not on bail or recognizance, the 160-day period for a speedy trial did not begin to run until April 4, 1988, when defendant was placed on bail for the September 22 information.

Section 103—5(b) states:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104—13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal." (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).)

To invoke the 160-day period, the accused must be out on bail or recognizance and must demand trial; however, such demand is meaningless if made at a time when no charges are pending against the accused. *People v. Freedman* (1987), 155 Ill. App. 3d 469, 474.

In *People v. Rodgers* (1982), 106 Ill. App. 3d 741, the case relied upon by the trial court, we were presented with the issue of whether the granting of a motion to strike a charge with leave to reinstate tolled the 160-day period of section 103—5(b). We concluded that the

striking of a charge with leave to reinstate did not toll the 160-day period because the proceedings against the defendant had not been terminated. *Rodgers*, 106 Ill. App. 3d at 745.

In *People v. Eblin* (1983), 114 Ill. App. 3d 891, we addressed the question of whether a defendant, who appears to answer a criminal complaint pursuant to a notice to appear yet is not required to post bail or recognizance, can invoke the speedy-trial provisions of section 103—5(b). In answering that question in the negative, we stated that a notice to appear was not the equivalent of bail or recognizance, and therefore the defendant could not avail himself of the speedy-trial provisions. *Eblin*, 114 Ill. App. 3d at 892-94.

In the instant case, we are called upon to determine the effect of a *nolle prosequi* on the speedy-trial provisions of section 103—5(b). In *People v. Watson* (1946), 394 Ill. 177, 179, our supreme court stated:

> " 'A *nolle prosequi* is not a final disposition of the case, and will not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution.' [Citation.] Again, it has been said that the ordinary effect of a *nolle prosequi* is to terminate the charge to which it is entered and to permit the defendant to go wherever he pleases, without entering into a recognizance to appear at any other time. If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense."

(See also *People v. Sanders* (1980), 86 Ill. App. 3d 457, 467.) In *Freedman*, the appellate court held that because the defendants were not in custody or on bond or recognizance during the period of time after a *nolle prosequi* was granted, the speedy-trial provisions of section 103—5(b) were not applicable. *Freedman*, 155 Ill. App. 3d at 475.

With the aforementioned principles in mind, we turn to particular facts of this case. The key fact which is disputed by the parties is whether defendant was on bail after the State nol-prossed the September 15 charge. If defendant remained on bail after the State nol-prossed the charge against him, then the law dictates that the 160-day period would continue to run from the date on which defendant demanded a speedy trial. If, however, defendant was released from his bail obligation on the September 15 charge, then the 160-day period could not be invoked until defendant was charged anew and made a demand for a speedy trial.

"On a motion to dismiss for violation of a defendant's right to speedy trial, the defendant has the burden of affirmatively establish-

ing the violation of his right." (*People v. Jones* (1984), 104 Ill. 2d 268, 280.) Despite defendant's assertions to the contrary, we determine that defendant has not satisfied his burden of proving that he was on bail or recognizance after the *nolle prosequi* of the September 15 charge. The record indicates that on April 4, 1988, defendant was placed on a $1,000 bail bond for the September 22 charge. In the absence of any evidence to the contrary, we may draw the inference that because the State instituted a bond against defendant on April 4, defendant was not on bond prior to that date. As evidence of his continuing bail obligation, defendant relies on the following statement of the trial court:

> "Our factual situation, if I am correct here, in Mr. Stevens' [defendant's] case, he was in fact originally on bond. I think after the cases were dismissed—and we have gone through how that occurred in the earlier court hearings—but after the cases were dismissed, I think then maybe his bond was returned to him. But, I think, factually, Mr. Stevens was in fact on bail, contrary to the defendant in the Eblin case where he was never on bail."

We consider the trial court's statement with respect to defendant's bail status to be confusing and ambiguous at best. The trial court stated that defendant's bond was returned to him, yet the court also averred that defendant was on bail. We cannot say that this statement affirmatively establishes that defendant was on bail after the September 15 charge was nol-prossed. We conclude that because defendant has failed to prove that he was on bail or recognizance, his right to a speedy trial under section 103—5(b) was not violated. Consequently, the trial court erred in granting defendant's motion to dismiss, and we reverse its decision and remand the cause for further proceedings.

■ In passing, we note that defendant raises for the first time on appeal the contention that his right to a speedy trial under the Illinois Constitution was violated. (See *People v. Reimolds* (1982), 92 Ill. 2d 101, 106; Ill. Const. 1970, art. I, §8.) Issues not raised in the trial court, including constitutional matters concerning speedy trial, are generally considered waived on appeal. (See *People v. Jackson* (1987), 162 Ill. App. 3d 476, 478; *People v. Hall* (1983), 117 Ill. App. 3d 881, 884.) Accordingly, we deem this issue waived.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded.

Reversed and remanded.

REINHARD and NASH, JJ., concur.