THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALE KLEIN, Defendant-Appellant.

Third District    No. 3—08—0344

Opinion filed July 28, 2009.

Frank P. Andreano, Sarah M. Vahey (argued), and Ted Hammel (argued), all of Brumund, Jacobs, Hammel, Andreano & Davidson, LLC, of Joliet, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Gary F. Gnidovec (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WRIGHT delivered the opinion of the court:

On March 1, 2007, a state trooper issued uniform citation tickets to defendant for driving under the influence of alcohol (DUI), driving

while license revoked, improper lane usage, and operating a vehicle without insurance following a single-car collision. In addition to the uniform citations, the officer also issued a written complaint for aggravated DUI, a Class 2 felony. On March 22, 2007, the State's Attorney nol-prossed the uniform citation for the misdemeanor DUI offense and simultaneously filed an indictment for the aggravated DUI in No. 07—CF—454.

Defendant filed a speedy trial demand in the felony case, No. 07—CF—454, on May 4, 2007. On August 28, 2007, the State requested a continuance of the jury trial scheduled for that date due to an unavailable witness, but the court denied the State's request. Consequently, the State voluntarily nol-prossed the DUI felony charge on August 28, 2007, but did not nol-pros the other pending uniform citations charging defendant with driving while license revoked, improper lane usage, and driving without insurance.

On September 27, 2007, the State filed a new indictment, recharging the aggravated DUI offense, in case No. 07—CF—1963. On October 15, 2007, defendant filed a motion for discharge in No. 07—CF—1963 alleging that his right to a speedy trial on the DUI charge had been violated. The court denied the motion.

Subsequently, a jury found defendant guilty of aggravated DUI. Defendant filed a posttrial motion on March 31, 2008, asking again to discharge defendant due to the speedy trial violation. The court denied defendant's posttrial motion for discharge and sentenced defendant to a commitment term of three years in the Illinois Department of Corrections (DOC). Defendant appeals the denial of his motion for discharge in No. 07—CF—1063 based upon the speedy trial violation. We affirm.

## FACTS

On March 1, 2007, a state trooper issued uniform traffic citations to defendant Dale Klein for DUI (No. 07—DT—366), driving while license revoked (No. 07—TR—20939), improper lane usage (No. 07—TR—20940), and operating a vehicle without insurance (No. 07—TR—20941) after defendant crashed the vehicle he was driving into a tree. Along with the uniform citations, the trooper also issued defendant a criminal complaint for a Class 2 felony aggravated DUI charge (No. 07—CF—454), alleging this incident constituted defendant's fourth violation of the DUI statute.

The court arraigned defendant on all of the charges on March 1, 2007, and set bond at $30,000. The court did not specify on the record whether this amount covered only the felony offense or covered the felony charge along with the pending traffic offenses. When defendant

posted $3,000 on March 2, 2007, the law enforcement agency that processed defendant's bail money listed all pending case numbers on his "Bail Bond" sheet.

On March 15, 2007, defendant filed a petition to rescind the statutory summary suspension in the felony case, No. 07—CF—454. On March 19, 2007, the State sent notice asking the court to conduct a hearing on defendant's petition to rescind the suspension of his driver's license on April 10, 2007.

On March 22, 2007, the State filed a superceding indictment in No. 07—CF—454. The court continued bail at $30,000 and granted the State's motion to nol-pros No. 07—DT—366. The other uniform citation charges in Nos. 07—TR—20939, 07—TR—20940, and 07—TR—20941 remained pending at that time.

On March 29, 2007, Judge Daniel Rozak conducted an arraignment with counsel in the felony case, No. 07—CF—454. At that time, the court advised defendant that he was required to appear in that felony courtroom on April 10, 2007, for a status hearing on the felony case, but defendant would have to appear separately in traffic court on his petition to rescind the statutory summary suspension.

The record shows Judge Richard Schoenstedt conducted a status hearing in case No. 07—CF—454 and then scheduled No. 07—CF—454 for a jury trial on July 16, 2007. During the April 10, 2007, status hearing, the parties reminded Judge Schoenstedt that defendant's hearing on the petition to rescind the statutory summary suspension was also set for hearing in traffic court on April 10, 2007. Consequently, the attorneys advised the judge that the felony file needed to be sent "downstairs" to courtroom 303.

On April 10, 2007, a second judge, Judge Marilee Viola, reviewed the files for Nos. 07—DT—366 and 07—CF—454. Judge Viola reset the statutory suspension hearing to April 12, 2007, because neither file, No. 07—CF—454 or No. 07—DT—366, contained a "Confirmation of Statutory Summary Suspension" of defendant's drivers license from the Secretary of State's Office upon which they could proceed.

On April 12, 2007, Judge Sarah Jones conducted a hearing on defendant's petition to rescind the statutory summary suspension filed in No. 07—CF—454[1]. At the close of the hearing, the court denied

---

[1]Although the State nol-prossed No. 07—DT—366 on March 22, 2007, the written "Warning to Motorist" was filed in that case and the court referred to both files in conjunction with the summary suspension hearing. The clerk's minute record in No. 07—DT—366 details the hearing on the "Petition to Rescind" on April 12, 2007, but also notes, "Matter previously [nol-prossed] on March 22, 2007. Case is closed."

defendant's petition to rescind the statutory summary suspension. Judge Jones further stated, "Now, we have a jury trial date July the 16th before Judge Schoenstedt on the felony DUI, is that correct?" After the parties agreed, the court said, "We will put this back on the call with Judge Richard Schoenstedt for July 16th jury trial." Judge Jones entered an order filed on April 12, 2007, which included case numbers 07—CF—454, 07—DT—366, 07—TR—20939, 07—TR—20940, and 07—TR—20941[2], which stated:

"After a full hearing on Defendant's motion to rescind the statutory summary suspension, the court holds that the Defendant's petition is denied and the summary suspension is confirmed. The matter is set for jury trial 7/16/07 in room 406."

Defendant filed a speedy trial demand in the felony case, No. 07—CF—454, on May 4, 2007. This written speedy trial demand did not identify any other charge by case number. On July 11, 2007, the State filed a motion to continue the July 16, 2007, jury trial scheduled in No. 07—CF—454, because the arresting officer would be out of the area on his honeymoon and unavailable for trial. The court granted the State's motion to continue, over defendant's objection, and rescheduled the jury trial in No. 07—CF—454 to August 28, 2007. The court did not address Nos. 07—TR—20939 through 07—TR—20941 on the record at that time.

On August 28, 2007, the court called only No. 07—CF—454 on the record, and the State orally requested to continue the jury trial due to the officer's unavailability. The defense objected. The court denied the State's second request for a new trial date, and the State moved to nol-pros No. 07—CF—454. Consequently, on August 28, 2007, the court granted the State's motion to nol-pros the felony DUI case, No. 07—CF—454. The court then addressed the bond, and defendant's attorney informed the court that he would be filing a request for bond assignment. At that time, the following conversation ensued:

"THE COURT: I have traffics that were set to follow; driving on a suspended license and improper traffic lane usage and operating an uninsured motor vehicle. Those were not set for trial today to my knowledge. I thought they were set for status to follow.

MR. SHESTOKAS [defendant's attorney]: My understanding is all matters were for trial. I didn't understand any matters would be separate.

MR. FLESZEWSKI [prosecutor]: I think the DUI was just set for trial. If we could ask the other ones be sent back downstairs.

MR. SHESTOKAS: I have no knowledge that they were going to be separate.

---

[2]On March 22, 2007, prior to this April 12, 2007, order, No. 07—DT—366 was dismissed.

THE COURT: The docket reflects they are set for status to follow. That's what I usually do, Mr. Shestokas.

MR. SHESTOKAS: I'm sorry, judge.

THE COURT: Those cases are still alive. So they are attached to the DT. That was what was elevated to the felony, right, obviously?

\* \* \*

THE COURT: \*\*\* I'm not going to set it for trial on another judge's calendar. I'll set it for pretrial and you can work with it from there."

As to the posted bail bond money, the following discussion occurred:

"MR. SHESTOKAS: If I may, the bond attaches to the DT—the CF file, correct?

THE COURT: Well, State, what's the State's position on that? Because there ought to be a bond on those other traffic tickets but not in the sum of $2,700.

MR. FLESZEWSKI: That's correct. We would just ask your Honor set the bond for the misdemeanor traffics.

THE COURT: I'll transfer $300 cash to those files.

MR. SHESTOKAS: Thank you, your Honor.

THE COURT: Again, the bond fee of $300 and the balance of $2,400 to be returned pursuant to the bond assignment that's filed."

The clerk refunded the balance of $2,400 from the initial cash bail to defendant[3], subtracting the 10% bond fee mandated by statute and the $300 transferred to the traffic cases.

On September 17, 2007, defendant filed a demand for a speedy trial in Nos. 07—TR—20939 (driving while license revoked), 07—TR—20940 (improper lane usage), and 07—TR—20941 (operating a vehicle without insurance), the remaining uniform citation charges. On September 27, 2007, the State filed a new indictment for aggravated DUI, designated as case No. 07—CF—1963. The indictment charged defendant with the same March 1, 2007, violation of the aggravated DUI statute and incorporated identical allegations as previously filed in No. 07—CF—454. The indictment charged:

"Defendant, while under the influence of alcohol, drove a vehicle \*\*\* upon I-55 southbound at or near MP 262 in Will County, Illinois, and defendant has committed a violation of Chapter 625, Section 5/11—501 for a fourth or subsequent time, having previously committed a violation of Chapter 625, Section 5/11—501 in Du Page County on September 12, 1992, under ticket number 72470; in Du Page County on November 1, 1997, under ticket

---

[3]Defendant assigned his bond refund in No. 07—CF—454 to his attorney. Consequently, the clerk actually sent the $2,400 refund to defense counsel.

number 132711; and in Du Page County on November 5, 1991, under ticket number 7351853."

After the grand jury returned the indictment in open court, Judge Daniel Rozak set bond in case No. 07—CF—1963 in the amount of $25,000, but stayed the issuance of an arrest warrant to October 4, 2007. On October 4, after arraigning defendant on the newly issued indictment, the court conducted a bond hearing when the following conversation ensued:

"MR. SHESTOKAS: Your Honor, he was arraigned next door and indicated that he entered a plea of not guilty. There was no bond set on the new re-indictment that Judge Rozak indicated that he would send that over for your Honor to address as well since your Honor was familiar with this matter.

THE COURT: What was the previous bond that was posted?

MR. FLESZEWSKI: 30,000.

THE COURT: Has he received that back?

MR. SHESTOKAS: Judge, he received—A portion of it was on a bond assignment. There was some—There's also some minor traffics that were attached to this that were transferred down to—downstairs, which are now set for trial with the trial demand running and $300 of the previous bond was stayed as cash bond on those matters, judge.

But Mr. Klein has never missed court in this situation, judge. He's had a trial demand running for an extended period of time. He has always been here. One time the trial was continued because the officer apparently got married and went on a honeymoon. The last court date, despite the fact that we had waited all day long, the officer did not show up in the afternoon.

At that point, the State asked for a date. Your Honor denied that date and this—the case was nolle'd as a result. In the interim, apparently they decided to re-indict the matter. *We intend to renew our demand* [(emphasis added)]. I don't think it seems to be—Mr. Klein is certainly not a flight risk. He has not received all of his bond back from the previous matter.

\* \* \*

THE COURT: That motion [to reduce bond] is granted. Bond is reduced to $100,000 personal recognizance. \*\*\*

\* \* \*

MR. SHESTOKAS: We will need a trial date. I will be entering a new—renewing a demand if that would be appropriate.

MR. FLESZEWSKI: We were on day 117 the last time.

THE COURT: He was out of custody?

MR. FLESZEWSKI: Right.

THE COURT: Mr. Shestokas, do you agree?

MR. SHESTOKAS: That would be my understanding considering that, judge, I need obviously to research the matter exactly what the status is.

THE COURT: Well, he's been out of custody the entire time.

MR. SHESTOKAS: That's true. However, the bond was not completely returned to him. At this juncture, there [were] 117 days that were off the term at the time of the nolle."

The court then scheduled the jury trial in No. 07—CF—1963 for October 22, 2007.

Also at this October 4 hearing, the parties noted that the traffic cases charged by uniform citation were set for a separate jury trial on October 22, 2007. The court also granted defendant leave to file a speedy trial demand in the new case. Defendant, in fact, filed a speedy trial demand in No. 07—CF—1963 on October 4, 2007. Defendant's "Bail Bond" sheet from this hearing listed only No. 07—CF—1963 as the case to which this bond applied.

On October 15, 2007, defendant filed a "Motion to Discharge Defendant for Violation of Speedy Trial" in No. 07—CF—1963 alleging that the State failed to conduct the trial within 160 days of his speedy trial demand filed on May 4, 2007, in No. 07—CF—454, but did not file a similar motion in the traffic cases filed by uniform citation until September 17, 2007.

On October 15, 2007, the State moved to continue the jury trial in No. 07—CF—1963 because the trooper was at National Guard training and unavailable until after October 28, 2007. The court continued the jury trial, over defendant's objection, to October 29. However, the judge conducted a hearing on defendant's motion for discharge filed in No. 07—CF—1963 on October 22, 2007. On October 22, 2007, prior to the court's ruling on defendant's motion for discharge, the State nol-prossed the remaining uniform citation cases: Nos. 07—TR—20939, 07—TR—20940, and 07—TR—20941.

The court found that, after the State nol-prossed No. 07—CF—454, the court refunded the balance of the $3,000 cash posted as bail to defendant, transferring $300 to Nos. 07—TR—20939 through 20941 as bond on August 28, 2007. The court further found that when the State refiled the charge on September 27, 2007, the court set a new bond in No. 07—CF—1963, and stated:

"[T]here was no bond still continuing. There was no obligation prior for that period of time I just related on the record [August 28 through September 27, 2007]. And everything after that speedy trial demand was filed does count against the State but for the period of time from August 28th to September 27th does not."

Based upon those findings, the court denied the motion to discharge defendant in No. 07—CF—1963 due to a speedy trial violation. On October 22, 2007, the State requested the court to clarify whether the time period from September 27 to October 4 tolled the speedy trial term. The court found that defendant was first placed on bond conditions on the refiled charges and filed a new speedy trial demand on October 4, 2007. The court declared that the speedy trial was tolled "from the August date that we mentioned to October 4th."

Additionally, on October 22, 2007, over defendant's objection, the court granted the State's motion to continue jury trial on October 29, 2007, because the officer was at National Guard training. On that same date, at defendant's request, the court continued No. 07—CF—1963 for jury trial to December 3, 2007, and indicated that the time period from October 29, 2007, until December 3, 2007, constituted delay attributable to defendant. The jury trial commenced on December 3, 2007. The jury found defendant guilty of "Aggravated Driving Under the Influence" as charged.

Defendant filed a posttrial motion, again asking the court to discharge him based upon the speedy trial violation. The State filed a motion to strike defendant's posttrial motion on the grounds of *res judicata*. On April 10, 2008, the court granted the State's motion to strike defendant's posttrial motion, and sentenced defendant to a term of three years in the Illinois Department of Corrections. Defendant filed a timely notice of appeal.

## ANALYSIS

On appeal, defendant argues that the trial court erroneously denied his motion for discharge based upon a speedy trial violation. Specifically, due to the ongoing obligations of bond attached to pending traffic citations, defendant argues that the speedy trial clock was not tolled after his May 4, 2007, speedy trial demand filed only in the DUI, No. 07—CF—454. Conversely, the State argues that when the State voluntarily dismissed the DUI charge on August 28, 2007, the obligations of bond for the DUI offense were discharged, tolling the speedy trial clock until October 4, 2007, the date defendant posted bond on the new indictment.

The trial court noted that "there was no bond still continuing" after the State nol-prossed the DUI on August 28, 2007. The court ruled that when the defendant posted bond on the refiled DUI charges in No. 07—CF—1963, the speedy trial clock resumed. Consequently, the court denied the motion to discharge defendant in No. 07—CF—1963.

Based on our careful review of the record, we conclude 116 days accrued against the 160-day speedy trial term from defendant's filing of his speedy trial demand on May 4, 2007, in No. 07—CF—454, through August 28, 2007, the date the State nol-prossed the felony charge in No. 07—CF—454. The parties agree that an additional 25 days accrued against the State from October 4, 2007, when the court ordered defendant to post a $100,000 personal recognizance bond as bail in No. 07—CF—1963, the refiled case, until October 29, 2007, the date of the scheduled jury trial, for a total of 141 days of delay attributable to the State. Additionally, it is unrefuted that the delay from October 29 through December 3, 2007, was attributable to defendant. Thus, the only disputed time period in this case involves the days from August 28, 2007, through October 4, 2007.

■ Generally, a trial court's calculations of the number of days accruing against the State following a defendant's speedy trial demand involves a question of fact and our standard of review is abuse of discretion. *People v. LaFaire*, 374 Ill. App. 3d 461, 463 (2007) However, the issue in this appeal does not focus on the trial court's findings of fact. Instead, the issue revolves around whether, due to pending traffic citations, defendant was subject to ongoing conditions of bond even after the State nol-prossed the enhanced DUI charge on August 28, 2007. Thus, our review involves a question of law, which this court reviews *de novo. People v. Van Schoyck*, 232 Ill. 2d 330, 335 (2009); *People v. Woolsey*, 139 Ill. 2d 157, 169 (1990).

## Existing Case Law

■ It is well accepted that section 103—5(b) of the Code of Criminal Procedure of 1963 (Code) requires that "[e]very person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant." 725 ILCS 5/103—5(b) (West 2006). Generally, the unavailability of a witness or evidence is a valid reason to nol-pros a case and, therefore, tolls the speedy trial term. See *People v. Martin*, 183 Ill. App. 3d 442 (1989) (the unavailability of its key witness); *People v. Stinnett*, 166 Ill. App. 3d 1027 (1988) (the unavailability of its key witness); *In re A.F.*, 282 Ill. App. 3d 930 (1996) (the unavailability of police witnesses); *People v. Decatur*, 191 Ill. App. 3d 1034 (1989) (unavailability of laboratory analysis). There has been a long history of Illinois cases standing for the proposition that, when a case is nol-prossed by the State, the statutory speedy trial period is tolled because the obligations of bail or recognizance have ended. *People v. Woolsey*, 139 Ill. 2d at 163; *People v. Martin*, 183 Ill. App. 3d at 444; *People v. Decatur*, 191 Ill. App. 3d at 1037-38; *People v. Stinnett*, 166 Ill. App. 3d at 1028; *People v. Watson*, 394 Ill. 177, 180 (1946).

■ Here, we conclude the trial court correctly ruled, based on existing case law, that the decision to nol-pros the enhanced DUI offense that occurred on August 28, 2007, discharged defendant from all obligations of bond related to the DUI offense until defendant became subject to the conditions of bond on October 4, 2007, in No. 07—CF—1963.

## Applicability of the *Van Schoyck* Decision

■ The defense relies heavily on our supreme court's recent decision in *Van Schoyck* as a basis to reverse his conviction based on speedy trial concerns. The State contends the facts in *Van Schoyck* are distinguishable from the instant case. The *Van Schoyck* decision limited the State's ability to refile enhanced DUI charges when the prior nonenhanced DUI charge was voluntarily nol-prossed by the State under certain circumstances. After a careful review of the *Van Schoyck* opinion, we agree that the *Van Schoyck* facts are distinguishable from the circumstances in this case.

In *Van Schoyck*, the defendant was originally charged by uniform citations with misdemeanor charges of driving under the influence, driving with a blood-alcohol content of over 0.08%, and driving on a revoked license by uniform citations on November 16, 2004. According to our supreme court's opinion in *Van Schoyck*, all pending charges in that case were combined and filed under the same case, No. 04—DT—688. *Van Schoyck*, 232 Ill. 2d at 333. On the date of defendant's first court appearance on December 14, 2004, defendant Van Schoyck demanded a speedy trial in case No. 04—DT—688. At that time, the State represented to the court that the prosecution was reviewing the matter to determine if felony DUI charges should be filed and the court continued the cases several times for this purpose. On September 19, 2005, 279 days after the speedy trial demand was made in the collective case designated as case No. 04—DT—688, the State nol-prossed all pending charges which included the DUI violations. On the same date, the State filed a new felony information charging the defendant with only the felony DUI charge for driving with a blood-alcohol content of over 0.08% while the defendant's driver's license was revoked, over Van Schoyck's objection.

Our supreme court stressed in *Van Schoyck* that a felony DUI is not a separate and distinct offense from the misdemeanor DUI, but it is the same continuing offense with an enhanced sentencing provision. *Van Schoyck*, 232 Ill. 2d at 337, citing *People v. Quigley*, 183 Ill. 2d 1, 10-12 (1998). Our supreme court's majority ruling was based upon the defendant's contentions that the State improperly used its power of dismissal to avoid the effect of his speedy trial demand. *Van Schoyck*,

232 Ill. 2d at 339-40. In *Van Schoyck*, the 160-day speedy trial term on the original misdemeanor DUI and driving while license revoked offenses had already expired due to the State's unexplained 279-day delay before filing the enhanced felony DUI charge. By filing the felony DUI, the State was not attempting to *toll* the speedy trial clock but was hoping instead to benefit from a completely separate second 160-day speedy trial deadline.

We note that the supreme court in *Van Schoyck* did not overrule the long history of cases holding that the State could refile the same charge, provided the State was not attempting to evade the speedy trial provisions. In fact, citing to one of those cases in the body of its opinion, *Watson*, 394 Ill. 177, the *Van Schoyck* court ultimately focused on long-standing precedent that, when the State's purpose in requesting a *nolle prosequi* is for legitimate reasons, the State may properly refile the same charges because the speedy trial term is tolled until a new charge is filed. *Van Schoyck*, 232 Ill. 2d at 340.

Unlike the case at bar, all pending offenses in *Van Schoyck* were joined under a single case number, No. 04—DT—688. The demand for speedy trial, which was filed by Van Shoyck's defense counsel under the one numerically identified case number, applied to all pending charges. Moreover, we note that in *Van Schoyck*, the original DUI offenses were *never* nol-prossed and the speedy trial term continued to run on the DUI until the subsequent date of the filing of the enhanced DUI offense. In that case, the 160-day limitation undisputedly expired *before* the State nol-prossed the previously charged DUI offense. Presumably, because the 160-day speedy trial limitation had long expired, the court stated, *"For that reason,* voluntary dismissal and the subsequent refiling of identical charges do not toll the statute." (Emphasis added.) *Van Schoyck*, 232 Ill. 2d at 340, citing *People v. Fosdick*, 36 Ill. 2d 524, 528-29 (1967).

Here, the State's inability to proceed to trial on the DUI offense was not due to the expiration of a speedy trial term, but resulted from the unavailability of the State's main witness. Consequently, unlike *Van Schoyck*, the State discharged defendant from all restrictions of bond associated with any DUI by voluntarily dismissing the DUI charge on August 28, 2007, and thereby tolling the speedy trial term. Thus, we conclude the decision in *Van Schoyck* does not change the correctness of the trial court's decision finding the state did not violate defendant's right to have a speedy trial.

## Compulsory Joinder

Next, hoping to avoid the consequences resulting from defendant's failure to file a separate speedy trial demand in the nonjoined traffic

charges, the defense argues that rules of compulsory joinder apply pursuant to section 3—3 of the Criminal Code of 1961 (Code) (720 ILCS 5/3—3 (West 2006)) and would cure the absence of a speedy trial demand in the pending traffic citations until a separate demand was made by the defense on September 17, 2007. The State argues that the compulsory joinder provisions of section 3—3 of the Code (720 ILCS 5/3—3 (West 2006)) do not apply.

This contention of error is unpersuasive. First, the compulsory joinder provisions of traffic and felony charges do not apply to offenses charged either by uniform citation or complaint forms drafted by a police officer at the time of an arrest. A long line of case law provides that a defendant can be separately prosecuted on traffic citations filed by police officers, independent from felony charges arising out of the same incident filed by the prosecuting attorney by either an information or grand jury indictment. *People v. Jackson*, 118 Ill. 2d 179, 192 (1987); *People v. Hogan*, 186 Ill. App. 3d 267, 269 (1989); *People v. Crowe*, 195 Ill. App. 3d 212, 218 (1990); *People v. Kizer*, 365 Ill. App. 3d 949, 955-56 (2006).

In the instant case, unlike the procedural posture typical of other cases and also present in *Van Schoyck*, the record shows that in this case, the felony file and traffic files were not formally joined in one prosecution. The felony and traffic cases were separately assigned to different judges and considered in separate courtrooms on several occasions. Since defense counsel had not requested a speedy trial in any file other than No. 07—CF—454, it appears that the court intended to review the status of the traffic files only after a jury decided the outcome of the felony charge. Judge Schoenstedt explained to defense counsel the procedure the judge was using by stating:

> "The docket reflects they [the traffic files] are set for status to follow. That's what I usually do, Mr. Shestokas."

Based on the facts of this record, we conclude that the September 17, 2007, speedy trial demand filed in the remaining traffic offenses based on uniform citations triggered the State's speedy trial term on those separate, nonconsolidated offenses. The defendant's September 17, 2007, demand did not interfere with the tolling of the prior speedy trial demand in No. 07—CF—454, the charge subject to the State's decision to nol-pros on August 28, 2007. Thus, after applying the controlling case law to the facts of this case, we conclude the trial court properly denied defendant's request for dismissal because the State did not violate defendant's right to a speedy trial.

## CONCLUSION

We conclude the trial court correctly denied defendant's motion for discharge because the State tried defendant on the DUI offense

141 days after defendant's speedy trial demand and within the 160-day statutory speedy trial term. The judgment of the Will County circuit court is affirmed.

Affirmed.

LYTTON and SCHMIDT, JJ., concur.