NOTICE
Decision filed 07/05/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220556-U

NO. 5-22-0556

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 11-CF-200 |
| | ) | |
| BRADLEY J. CORNILLE SR., | ) | Honorable |
| | ) | Stephen R. Green, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where defendant filed his section 2-1401 petition challenging a restitution award more than 11 years after the award was entered, and there was no evidence that the State actively concealed the award, the circuit court properly dismissed the petition as untimely.  As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Bradley J. Cornille Sr., appeals the circuit court's order dismissing his petition pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)).  His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in denying relief.  Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum.  See *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  OSAD has notified defendant

1

of its motion, and this court has provided him with ample opportunity to respond but he has not done so. After considering the record on appeal, OSAD's memorandum and supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      Pursuant to an agreement with the State, defendant pleaded guilty to felony theft. Defense counsel described the terms of the agreement, including an agreed sentence of 24 months' probation. Defendant would pay a $250 fine and other costs. A restitution hearing would be set for June 29, 2011.

¶ 5      The circuit court heard a factual basis and admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997). The court found the plea was knowing and voluntary, accepted it, and imposed the agreed upon sentence. Defendant signed a probation order that referenced the June 29 restitution hearing.

¶ 6      On the State's motion, the court continued the restitution hearing to September 28, 2011. Notice was sent to defendant's public defender. Defendant did not appear at the rescheduled hearing, following which the court ordered him to pay $4237.96 to the Williamson County Housing Authority.

¶ 7      A "Pay or appear" hearing was set for November 18, 2011, with notice sent to defendant's public defender. On March 9, 2012, the State filed a petition for rule to show cause for defendant's failure to pay restitution. No return of service appears in the record, and the State took no further action on the petition. In 2013, defendant was imprisoned in an unrelated case. On October 11, 2016, the matter was referred to a collection agency, with $1572.29 in "collection fees" added to the outstanding amount.

2

¶ 8    In 2018, defendant filed a motion for revocation of fines pursuant to section 5-9-2 of the Unified Code of Corrections (730 ILCS 5/5-9-2 (West 2018)).  He also sought credit against his fine for 13 days spent in pretrial custody.  See 725 ILCS 5/110-14 (West 2018).  He alleged that he owed "fines & other court fees totaling around $6,813.25."

¶ 9    The State objected to defendant's motion.  An attached printout itemized the amounts defendant owed.  The largest portion of that amount was for restitution.

¶ 10    The court granted defendant $65 credit against his $250 fine but otherwise denied the motion.  The court found that the statute did not authorize it to modify the restitution order and, as to the fines, defendant did "not really assert any good cause for the Court to make some sort of adjustment now."

¶ 11    Defendant appealed to this court.  OSAD moved to withdraw.  This court granted the motion and affirmed.  *People v. Cornille*, No. 5-18-0590 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 12    On July 5, 2022, defendant filed his section 2-1401 petition.  He claimed that he had recently discovered "that their [*sic*] was two (2) Restitution Hearings held in their case 6/29/11 & 9/28/11 of which the petitioner never knew of these Court hearings due to the fact that they were never served a notice to appear."  Defendant alleged that two more hearings—on November 18, 2011, and April 13, 2012—were also held without notice to him.  During these proceedings, an additional $1500 was added to the amount due.  He alleged that he was in the Department of Corrections during the latter two hearings and could have been easily located.

¶ 13    The State moved to dismiss the petition.  The State argued that it was untimely, having been filed more than two years after the order being challenged.  See 735 ILCS 5/2-1401(c) (West

2020).  The State further argued that defendant's 2018 motion to revoke fines covered the issue and thus it was *res judicata*.  On August 4, 2022, the circuit court granted the motion.

¶ 14    Defendant moved to reconsider, contending that the State fraudulently concealed the restitution proceedings and order.  He insisted that he was not aware of the restitution order when he filed his 2018 motion.  The court denied the motion and defendant appeals.

¶ 15                                    ANALYSIS

¶ 16    OSAD concludes that there is no reasonably meritorious argument that the circuit court erred in dismissing defendant's petition.  OSAD identifies four specific issues under this general heading, which we address in turn.

¶ 17    OSAD first concludes that there is no meritorious argument that the court failed to follow proper procedures in dismissing the petition.  Section 2-1401 of the Code allows a petitioner to present facts that, if known at the time of the judgment, would have prevented the entry of that judgment.  735 ILCS 5/2-1401(a) (West 2020); *People v. Pinkonsly*, 207 Ill. 2d 555, 565-66 (2003).  To be entitled to relief, a petitioner must demonstrate (a) a meritorious claim or defense, (b) due diligence in presenting the claim or defense in the original action, and (c) due diligence in filing the petition.  *People v. Coleman*, 206 Ill. 2d 261, 289 (2002).

¶ 18    Once a petition is filed, the opposing party has 30 days to answer or otherwise plead.  735 ILCS 5/2-1401(c) (West 2020); *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009).  Thus, a petition becomes ripe for adjudication once 30 days have passed or the opposing party has pled.  *Laugharn*, 233 Ill. 2d at 323.  Once the 30 days have passed, the circuit court may *sua sponte* dismiss a petition.  *People v. Vincent*, 226 Ill. 2d 1, 12, 14 (2007).  The court need not notify the parties before a *sua sponte* dismissal.  *Id*. at 12.

4

¶ 19    Here, defendant filed his petition on July 5, 2022. The State filed a responsive motion, and the court ultimately dismissed the petition on August 4, 2022, 30 days later. Thus, the court complied with all applicable procedural requirements.

¶ 20    We consider together OSAD's final three issues as they are intertwined. All relate to the ultimate issue of whether the court correctly dismissed defendant's petition.

¶ 21    Absent exceptions that do not apply here, a section 2-1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2020). The "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." *Id.*; *Pinkonsly*, 207 Ill. 2d at 562.

¶ 22    Here, the circuit court ordered restitution on September 28, 2011. Defendant filed his petition on July 5, 2022, nearly 11 years later. Defendant has never claimed that he was under duress or a disability. Thus, those exceptions do not apply.

¶ 23    Defendant did contend that the State fraudulently concealed the existence of the restitution award. OSAD contends that defendant raised the issue for the first time in his motion to reconsider but he alleged in the initial petition that the State did not provide him with notice of the hearings. Thus, he at least arguably raised the issue. In any event, his contention that the State fraudulently concealed the existence of the restitution hearings and award is clearly without merit.

¶ 24    "[F]raudulent concealment sufficient to toll a statute of limitations requires affirmative acts or representations designed to prevent discovery of the cause of action or ground for relief." *Crowell v. Bilandic*, 81 Ill. 2d 422, 428 (1980). Here, the record reveals no active effort by the State to conceal the restitution judgment. In fact, it reveals the contrary.

¶ 25    At the plea hearing, defense counsel stated in defendant's presence that the agreement called for a restitution hearing on June 29, 2011, at 9:30 a.m.  The probation document defendant signed also listed the date and time of the hearing.

¶ 26    The hearing did not proceed on June 29 because the assigned prosecutor had to attend a funeral.  The record does not contain a transcript for that date.  However, had defendant attended court on June 29, he would have known of the rescheduled date.  Moreover, notice of the new date was sent to his attorney of record at the time.  Thus, not only was the existence of restitution not actively concealed, the State informed defendant of the relevant hearing dates.

¶ 27    Further, the restitution award was a subject of defendant's 2018 motion to vacate fines. Thus, he was on notice by 2018, at the very latest, that a restitution award had been entered, but still waited four more years to raise the issue.  Defendant's assertion that he was not aware of the restitution order at that time rings hollow given that the amount he requested obviously included restitution and the court's order denying the motion specifically referred to it.

¶ 28    Of course, this also defeats defendant's claim on the merits.  A successful section 2-1401 petition must demonstrate: (a) a meritorious claim or defense, (b) due diligence in presenting the claim or defense in the original action, and (c) due diligence in filing the petition.  *Coleman*, 206 Ill. 2d at 289.  Defendant's alleged failure to learn of the restitution award despite having notice of it at the plea hearing and the circuit court's explicit reference to it in the 2018 order demonstrates a lack of diligence.  We also note parenthetically that defendant has not demonstrated a meritorious claim on the merits.  He has not suggested that the restitution award was inflated or not based on the evidence.

6

¶ 29 The petition refers to two additional hearings—in November 2011 and April 2012—of which defendant was allegedly never notified and at which the collection fee was added. Contrary to defendant's assertion, the collection fee was not added at either hearing, but in 2016.

¶ 30 Defendant complained in the petition that the State did not issue him a "notice to appear" for the restitution hearing. A notice to appear is a means to secure a defendant's initial court appearance. Police may issue a defendant a notice to appear in lieu of a formal arrest. See 725 ILCS 5/107-12 (West 2020). Here, defendant had already appeared in court. The State is not required to issue a defendant a notice to appear for each subsequent court date. See *People v. Eblin*, 114 Ill. App. 3d 891, 893-94 (1983) (once a defendant appears in court the notice to appear serves no purpose).

¶ 31 In light of our conclusions that the petition was not filed timely and that no exception that would excuse the late filing applies, we need not decide whether the petition was also barred by *res judicata*.

¶ 32                                    CONCLUSION

¶ 33 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 34 Motion granted; judgment affirmed.